Lord vs. The American Mutual Accident Ass'n of Oshkosh, Wis.

LORD, Respondent, vs. THE AMERICAN MUTUAL ACCIDENT ASSOCIATION OF OSHKOSH, WISCONSIN, Appellant.

*October 26 — December 11, 1894.*

89   19
103  453

89        19
s26 LRA  741
35 LRA 736n
48 LRA  '86n

ACCIDENT INSURANCE. (1) *Release: Mistake: Evidence.* (2, 3) *"Loss of a hand:"* Court and jury.

1. In an action upon a policy of accident insurance for the loss of a. hand, defendant alleged a full settlement and produced proofs of loss signed by plaintiff with his mark, in which he claimed a weekly indemnity for the injury to his hand and stated that, when paid, it should be in full discharge of all claims. *Held,* that plaintiff might show by parol that he could neither read nor write the English language; that he signed such proofs of loss without knowing that they contained the statement as to a discharge in full; and that upon receiving the amount of the weekly indemnity he refused to sign a receipt in full.

2. "Loss of a hand," within the meaning of an accident insurance policy, does not necessarily imply amputation above the wrist. An injury to a hand rendering it useless as such is sufficient.

3. Whether the tearing off of three fingers wholly, and a part of the other, and cutting the hand, and destroying the joint of the thumb, was a loss of a hand, was a question of fact for the jury.

APPEAL from a judgment of the circuit court for Price county: J. K. PARISH, Circuit Judge. *Affirmed.*

On April 25, 1891, the defendant, in consideration of the membership fee and the warranties and agreements contained in his application for membership, accepted the plaintiff (being a common laborer under classification E), and insured him against injuries through external, violent, and accidental means for two years, subject to its by-laws, in a manner and upon conditions, among others, the following, to wit: (1) In the sum of $7.50 per week against loss of time caused by such means, not exceeding twenty-six consecutive weeks from any one injury, for other than injuries resulting in the loss of one or both hands, feet, or eyes, causing immediate, continuous, and total disability; (3) or,

if such injuries shall cause the loss of one foot or one hand, within ninety days will pay such member $585. The conditions upon which this certificate is issued and accepted by the assured are, among other things, (2) that notice in writing of any claim made shall be given the secretary of the association at Oshkosh, with full particulars of the accident and injury, verified by such member if alive, immediately after the accident occurs; and unless positive proof of injury and duration of disability, and that the same resulted from bodily injuries covered by this insurance, shall be furnished to the association within six months of the date of the accident, then all claims thereon shall be forfeited.

On July 18, 1891, the plaintiff's left hand was badly injured, and he claimed that the use thereof was totally lost and destroyed. Thereupon the plaintiff notified the defendant, and September 17, 1891, the defendant paid the plaintiff, on account of said injury, $50. On January 18, 1892, the plaintiff made an affidavit, which was thereupon presented to the defendant, to the effect that at the time he was injured he was feeding a split grinder; that his left hand got caught in the machine; that three fingers and part of the other were torn off, and his hand cut, and the joint of the thumb destroyed; that he thereby sustained immediate, continuous, and total loss of time for the prosecution of every and any kind of business pertaining to his occupation during the space of twenty-six weeks, being from July 18, 1891, to January 16, 1892, for which he claimed indemnity, which, when paid, should be in full discharge of all claims which he then had or thereafter might have on account of the personal injury aforesaid; that the money value of his time was $7.50 per week. Thereupon the defendant paid the plaintiff $145, which he received January 20, 1892, making $195, in all, so paid.

On May 20, 1892, the plaintiff commenced this action to recover the $585 for such total loss of hand, less the amount

so paid. The complaint was in the usual form, and contained the usual allegations. The defendant answered by way of admissions and denials, and alleged that the plaintiff's claim was fully settled by such payments, January 18, 1892.

At the close of the trial the jury returned a special verdict, to the effect (1) that the plaintiff was duly insured against accidents, as alleged in his complaint, by the defendant; (2) that the plaintiff did sustain injuries at the time alleged in his complaint, for which the defendant would be liable under the policy issued to him; (3) that said injury did cause the loss of the plaintiff's left hand; (4) that the loss of such hand was entire; (5) that the defendant did receive the proofs of loss of hand, or waived such proofs of loss; (6) that the plaintiff received from the defendant for said injuries the sum of $195; (7) that the defendant paid out said sum, relying upon the plaintiff's written statement, for weekly claims; (8) that the plaintiff did not accept said sum in full satisfaction of his claim; (9) that the plaintiff did not execute defendant's Exhibit 4 with a full knowledge of its contents; (10) that there was a gross error made by the plaintiff in executing said Exhibit 4, or in the alleged settlement; (11) that the plaintiff was insured for the loss of his left hand for the amount of $585. The court ordered judgment on said special verdict for $390 damages, and costs. From that judgment the defendant appeals.

*M. C. Phillips*, for the appellant.

*W. H. Stafford*, for the respondent.

CASSODAY, J. After the plaintiff had notified the defendant of his injury, and in September, 1891, the defendant's soliciting agent called upon the plaintiff, and the plaintiff asked him to get him some money. Such agent thereupon reported such request, together with the facts in regard to the plaintiff's condition, and that he was in serious need of

money, to the defendant, and thereupon the defendant sent to the plaintiff the $50 mentioned. The affidavit or proofs of loss made by the plaintiff January 18, 1892, and mentioned in the foregoing statement, constitute what is called the "defendant's Exhibit 4" in the ninth and tenth findings of the jury. It is there found by the jury, in effect, that the plaintiff executed the same without a knowledge of its contents, and that in doing so, or in the alleged settlement, he made a gross error. Such proof of loss consisted of a blank furnished by the defendant and filled out by one of the plaintiff's employers, and the plaintiff signed the same by his mark. There is testimony to the effect that the plaintiff could neither read nor write the English language; that he signed such proofs of loss without knowing that they contained a statement to the effect that the payment of $7.50 a week for twenty-six weeks should be a full discharge of all claim on account of such injury; and that upon receiving the $145 he expressly refused to sign a receipt in full. The admission of such parol testimony is assigned as error; but such admission, under such circumstances, has repeatedly been sanctioned by adjudications of this court. *Schultz v. C. & N. W. R. Co.* 44 Wis. 638; *Bussian v. M., L. S. & W. R. Co.* 56 Wis. 326; *Leslie v. Keepers*, 68 Wis. 123; *Lusted v. C. & N. W. R. Co.* 71 Wis. 391; *Sheanon v. Pac. Mut. L. Ins. Co.* 83 Wis. 507; *Whitmore v. Hay*, 85 Wis. 251. These cases hold, in effect, that one who signs a discharge or acquittance without knowing the contents or intending to sign such an instrument, is not bound by it. Here, such discharge or acquittance was not properly any part of the proofs of injury and loss, but an attempt to limit the amount of the claim and bar any further recovery. Had the question of such discharge been squarely presented to the plaintiff, it may be inferred from the testimony that he would have refused to sign it, as he did the receipt in full a day or so afterwards.

But the more serious question is whether the tearing off of three fingers wholly, and a part of the other, and cutting the hand, and destroying the joint of the thumb, as mentioned in the proofs, was the loss of one hand, " causing immediate, continuous, and total disability " of the same, within the meaning of the contract of insurance. After careful consideration we are constrained to hold that it was a question of fact for the jury; and the jury have found that such loss of the hand was entire. On the part of the defendant it is contended that there is no such thing as the loss of the hand unless the injury is such as to require the amputation of the hand above the wrist. That would be too much of a refinement upon language for practical purposes. The hand was for use; and, if it was injured so as to become useless as a hand, then the defendant became liable for its loss under the contract. This was held, in principle, in *Sheanon v. Pac. Mut. L. Ins. Co.* 77 Wis. 618; *S. C.* 83 Wis. 510.

The charge appears to be full and fair throughout. In fact, there are no specific exceptions calling for a review of any particular portion of it. *Luedtke v. Jeffery, post,* p. 136.

*By the Court.*— The judgment of the circuit court is affirmed.