ELIZA M. LAKE v. MINNESOTA MASONIC RELIEF ASSOCIATION.[1]

May 10, 1895.

Nos. 9224—(37).

**Mutual Life Insurance—Death of Member—Amount of Payment.**

The defendant's articles of association provided that the funds to pay the beneficiary of a deceased member should be raised by the voluntary contributions to the same by the members of the society of such dues as the by-laws provided; "said sum in no case to exceed the total sum of such dues remaining (received) in the treasury of said society." The by-laws (made a part of the certificate of membership) expressly provided that the amount to be paid should be one dollar for each member, not exceeding the limit of the benefit. *Held*, that the effect of the articles of association was

[1] Reported in 63 N. W. 261.

to contingently reduce the sum to be paid to the amount realized from an assessment on the members to the full amount authorized by the by-laws, but that, prima facie, the amount which the plaintiff was entitled to recover was a sum equal to one dollar for each member, and the burden was on the defendant to prove the facts, if any, which would reduce the sum below that amount, to wit, that it had made an assessment on its members to the full extent authorized by its by-laws, and that the amount realized therefrom was less than one dollar for each member.

Same.

*Held,* also, that the defendant failed to prove such facts.

Same—Complaint.

Also, that by the issues tendered by its answer, and by the manner in which the action was tried, the defendant had waived any objection to the form of plaintiff's complaint.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Affirmed.

The amendment to art. 10, § 6, of the by-laws, referred to in the opinion, was as follows: "It being further understood that if an assessment levied to the full maximum of the table of rates as provided by the by-laws will not produce a sum sufficient to pay the full limit named, then and in that case the payment above shall be made pro rata."

*William Pitt Murray* and *Alva Hunt,* for appellants.

*C. D. & Thos. D. O'Brien,* for respondent.

MITCHELL, J. This action was brought upon a certificate of membership issued by defendant to plaintiff's husband, James H. Lake, since deceased. The complaint alleged that by the terms of this certificate the defendant promised to pay to her, as beneficiary, within 90 days after proof of the death of James H. Lake, a sum equal to $1 for each member of the association at the date of his death, not exceeding $2,000, and that the membership at that date was 1,624. The defendant, by its answer, alleged, in substance, that it only agreed to make an assessment on its members, in accordance with its by-laws, to pay the death loss, and to pay plaintiff the amount realized therefrom, not exceeding $2,000; that it had made such assessment; that the amount realized therefrom was only $680.90, which it offered to pay.

It appears that the defendant is a corporation organized under

the laws of this state in 1873. Its purpose, as expressed in its articles of association, is "to provide for the payment to the widow, children, or mother (or to such person or persons as may have been duly designated to receive the same) of any member of such society as may from time to time decease, of such sum as the by-laws of such society may from time to time prescribe; the said sum to be raised by voluntary contribution to the same by the members of said society of such dues as such by-laws may from time to time prescribe, * * * and said sum so to be paid * * * in no case to exceed the total sum of such dues remaining in the treasury of said society." The only portions of the by-laws which are here material are sections 3 to 6, inclusive, of article 10. Section 3 provides that at the death of a member each surviving member shall be assessed (payable bimonthly) at certain specified rates, ranging, according to the age of the member when he joined the association, from 70 cents to $1.50 per each $1,000 of insurance carried by the member. Section 4 provides that 80 per cent. of all moneys received in payment of assessments shall be designated as "mortuary funds"; that all other moneys received by the association shall be credited to the "contingent fund," and may be used (1) to defray expenses; (2) to pay benefits before assessments therefor are actually collected, provided that any money so paid out shall be replaced by the assessments made for such benefits; (3) to pay benefits without an assessment whenever the directors are of the opinion that it can be done consistently with the interests of the association; (4) to be invested in securities, if deemed expedient by the directors. Section 5 provides for the creation of a "reserve fund," not exceeding $25,000, by appropriating to that purpose the excess of the contingent fund over $2,000. This reserve fund may be deposited or invested, the interest to be placed to the credit of the contingent fund, but the principal never to be drawn upon except in payment of extraordinary death losses, when deemed by the directors for the best interest of the association to do so. Section 6, which is the only part of the by-laws providing for the amount to be paid the beneficiary on the death of a member, expressly provides that the amount to be paid shall be "one dollar for each member," not exceeding the limit of the benefit, which in the present case was $2,000. Upon the back

of Lake's certificate was indorsed the following extract from the
by-laws: "At the death of a member, his widow or designated
heirs shall receive a sum equal to one dollar for each member;
said sum, however, not to exceed two thousand dollars, which
amount shall be paid within sixty days from the time at which sat-
isfactory evidence of death shall have been received." It was ad-
mitted that the number of members of the association at the date
of Lake's death was 1,624. The defendant introduced evidence
from which it appeared that after notice of Lake's death it made a
bimonthly assessment for this and nine other death losses; that,
1,553 members paid the assessment; that the total amount real-
ized therefrom was $7,943.80, of which only $756.55, including the
20 per cent. (reduced to 10 per cent. by the directors) applicable
to the contingent fund, was on account of the death of Lake. It
is also fairly inferable from the evidence that the defendant has
no reserve fund; and it does not appear that it has any contingent
fund, unless it be the 20 (or 10) per cent. of the amount realized
from the assessments on account of these 10 deaths. On this evi-
dence the court ordered judgment against the defendant for $1,-
624.

It is clear to us that, whatever more its name may imply, the
defendant is merely a mutual life insurance company proceeding
on the assessment plan, and hence its contracts are to be construed
according to the same rules as those of any other mutual life in-
surance company. Conceding, as we must, that the articles of as-
sociation are the supreme law of every contract between the as-
sociation and its members, and that their provisions, as well as
those of the by-laws, not inconsistent with the articles, enter into
and form a part of every such contract, and giving them their full
effect, we are clearly of the opinion that the contract of the de-
fendant was not merely to make an assessment on its members for
plaintiff's benefit, nor to pay out of a special fund, but to pay her
the sum stipulated, not exceeding the amount realized from an
assessment for the death loss made pursuant to the by-laws. The
word "remaining," used in the articles of association, must be con-
strued as meaning "received" or "realized." There was an implied,
if not an express, obligation upon the defendant, upon proof of the
death of Lake, to make an assessment, to the full extent author-

ized by the by-laws, to raise funds to pay the benefit. If it had appeared that defendant had done this, then plaintiff's recovery would have been limited to the amount realized from such assessment. But the burden of proving this was on the defendant.

All the authorities, so far as we are aware, are agreed that in the case of a contract like this, if the company refuses or neglects to make the proper assessment, the beneficiary may maintain an action at law on the contract, and that the company cannot defeat a recovery by showing that it has not made an assessment. To permit it to do so would be to allow it to take advantage of its own wrong. There is, however, some difference of opinion as to the proper form of pleading in such cases. Some cases hold that an action in the nature of assumpsit will lie, declaring on the contract as one to pay the limit of the insurance, leaving it to the company to plead, as well as prove, any facts which would reduce the recovery below that amount, while others hold that the action should be in the nature of one for damages for breach of the contract, in failing to make an assessment. See Elkhart Ass'n v. Houghton, 103 Ind. 286, 2 N. E. 763; Lueders' Ex'r v. Hartford Ins. Co., 4 McCrary, 149, 12 Fed. 465; Freeman v. National Benefit Soc., 42 Hun, 252. Also, Curtis v. Mutual Benefit L. Co., 48 Conn. 98; Earnshaw v. Sun Mut. Aid Soc., 68 Md. 465, 12 Atl. 884. In view of the issues tendered by the answer, and the way in which the action was tried, any question of pleading was waived in this case, and hence it is unnecessary to consider which is the proper form; for even under the latter the proper rule of evidence, and the one sustained by the great weight of authority, is that the limit of the insurance is prima facie the measure of the plaintiff's damages, and the burden is on the defendant to prove any facts that would reduce them below that amount. The fact that all these matters are peculiarly within the knowledge of the company, and presumably are not within the knowledge of the beneficiary, is sufficient reason for adopting this rule as to the burden of proof. In this case the defendant failed to prove that it had made an assessment as provided by the by-laws. It does not appear at what rate it assessed its members. The assessment must have been purely arbitrary, and at a less rate than authorized by the by-laws, because, if every member carried only $1,000 insurance, and paid

only the lowest ratè, of 70 cents, the amount realized on the assessment for the 10 deaths would have been $10,871, instead of $7,943.80. Therefore the defendant failed to prove any facts to reduce plaintiff's recovery below $1,624.

We have not considered whether the defendant sufficiently excused its omission to introduce in evidence the amendment to section 6, art. 10, of the by-laws, because, if introduced, it would not have aided the defendant.

Order affirmed.