## W. L. FAULKNER v. THE GRAND LEGION OF SELECT KNIGHTS, ETC.

### No. 12,352. (65 Pac. 653.)

#### SYLLABUS BY THE COURT.

FRATERNAL INSURANCE—*Action for Disability—Petition Held Sufficient.* The cause of action against a fraternal mutual benefit association was based upon the following paragraph in its bylaws: "In case any member of the Grand Legion beneficiary department, while in good standing in such beneficiary department, shall become totally and permanently disabled for life, so as to be unable to follow his own or any other avocation, and provided such disability did not arise from any immoral conduct on his part, and provided further that such disability shall only consist of the loss of one hand and one foot, or both hands, or both feet, or of both eyes, either from accident or disease, or from some disease or injury producing some local lesion, or deformity apparent to any one, the same amounting to total disability." The petition alleged that plaintiff had received "a great personal injury, whereby his left hand and forearm were lacerated and crushed so that the same had to be and were amputated below the elbow, resulting in a partial paralysis of his upper left arm and left shoulder and left side, of a progressive character, such that it has since become and is continually growing worse, and, as he is advised by expert physicians, will end in the total paralysis thereof; that because and by reason of said injury, he forthwith became and has ever since remained and still is totally and permanently disabled for life, so as to be unable to follow his own or any other avocation; and such disability did not arise from any immoral conduct on his part, and said disability arose from and, consists of said injury and paralysis, producing a local lesion, and deformity apparent to any one, the same amounting to total disability." *Held*, that the petition stated a cause of action.

Error from Franklin district court; SAMUEL A. RIGGS, judge. Opinion filed July 6, 1901. Division two. Reversed.

*Jno. W. Deford*, and *W. A. Deford*, for plaintiff in error.

*Benson & Harris*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: This was an action by plaintiff in error on a beneficiary certificate issued to him by defendant in error, a fraternal insurance association, for the recovery of a disability claim thereunder.  The material portions of his petition were as follows :

"That on or about the 9th day of July, 1896, at North Ottawa, in said county of Franklin and state of Kansas, the plaintiff, while in the line of his duty as fireman in the employment of the Atchison, Topeka & Santa Fe Railway Company, received, by accident, a great personal injury, whereby his left hand and forearm were lacerated and crushed so that the same had to be and were amputated below the elbow, resulting in a partial paralysis of his upper left arm and left shoulder and left side, of a progressive character, such that it has since become and is continually growing worse, and, as he is advised by expert physicians, will end in the total paralysis thereof ; that because and by reason of said injury he forthwith became, and has ever since remained and still is, totally and permanently disabled for life, so as to be unable to follow his own or any other avocation ; and such disability did not arise from any immoral conduct on his part, and said disability arose from and consists of said injury and paralysis, producing a local lesion, and deformity apparent to any one, the same amounting to total disability."

The paragraph in the by-laws of the defendant association by virtue of which plaintiff claims is as follows :

"In case any member of the Grand Legion beneficiary department, while in good standing in such beneficiary department, shall become totally and permanently disabled for life, so as to be unable to follow his own or any other avocation, and provided such disability did not arise from any immoral conduct on

26—63 KAN.

his part, and provided further that such disability shall only consist of the loss of one hand and one foot, or both hands, or both feet, or of both eyes, either from accident or disease, or from some disease or injury producing some local lesion, or deformity apparent to any one, the same amounting to total disability."

A demurrer to this petition was filed, and sustained by the court, and that ruling is alleged as error.

It will be observed from a careful reading of the paragraph quoted that before a recovery can be had there must have occurred a total and permanent disability ; and it will be further observed that such disability must be the loss of one hand and one foot, or of both hands, or of both feet, or of both eyes, or a disability arising from some disease or injury producing some local lesion, or deformity apparent to any one, and of such a nature that such lesion or deformity shall amount to total disability. It is upon this last clause that the plaintiff bases his action. He does not claim under this paragraph that the loss of one hand by itself would amount to total disability as defined therein. His petition alleged that, in addition to the loss of one hand, the forearm was lacerated and crushed and was amputated below the elbow; that as a result of such injury paralysis had supervened, and that by reason of such injury and consequent paralysis a deformity apparent to any one had resulted, and he had thereby become totally and permanently disabled for life. We think that this allegation of his petition fairly and adequately brought him within the terms of the paragraph quoted, and stated a cause of action arising thereunder.

To be sure, the loss of one hand is not a sufficient injury, but it is this loss in connection with other injuries alleged that all together produced a local lesion, or deformity apparent to any one, which amounts to

total disability, for which he may recover.   It is defendant's claim that if the total disability is not the loss of one hand and one foot, or both hands, or both feet, or both eyes, it must be one growing out of disease or injury, producing some local lesion, or deformity apparent to any one, and that said local lesion must be one *other* than a lesion by which a hand or a foot is amputated.   We suppose, by this, defendant desires to be understood that the loss of one hand simply is not enough.   In this we quite agree, but out of this injury, this crushing and lacerating of the forearm, has come paralysis which is apparent to any one, as the petition alleges, and, from all this, plaintiff is totally disabled.

We think that the court was wrong in sustaining the demurrer to the petition.   The cause of action might have been stated more artistically, but, nevertheless, we think it sufficient.

The judgment of the district court will be reversed and the case remanded.

SMITH, ELLIS, JJ., concurring.