JOHN MONTGOMERY MONAHAN v. SUPREME LODGE OF THE
ORDER OF COLUMBIAN KNIGHTS.[1]

January 9, 1903.

Nos. 13,245—(186).

**Assignments of Error.**

Certain assignments of error considered and disposed of.

**Mutual Benefit Association—Disability.**

Defendant was a fraternal and beneficial order, with a by-law which
provided that whenever a member in good standing became "totally and
permanently disabled, by reason of accident or disease, from following
any occupation whatever," he might be paid a certain sum of money out
of the funds of the order. *Held* that, in order to recover under this sec-
tion, it is not necessary that a member shall be disabled to the extent that
he has not sufficient physical power to follow some easy occupation, and
to perform some slight service, although under great disadvantage, and
while suffering great bodily pain.

Action in the district court for Hennepin county to recover
$1,500, and interest, accident indemnity, upon a certificate of mem-
bership issued by defendant, a fraternal, beneficial association.
The case was tried before Brooks, J., and a jury, which rendered
a verdict in favor of plaintiff for the sum demanded. From an
order denying a motion for judgment notwithstanding the verdict
or for a new trial, defendant appealed. Affirmed.

*R. L. Penney* and *Penney & McMillan*, for appellant.

*R. J. & T. W. Burglehaus*, for respondent.

COLLINS, J.

The defendant association is a fraternal and beneficial order;
the objects being, according to its constitution, to establish a fund
for the payment of benefits to its members in case of disability or
death resulting from disease, accident, or old age. In 1899 the
plaintiff became a member of this order, and there was issued to
him its certificate of membership, whereby, for a sufficient consid-
eration, it promised to pay to his son (naming him) a sum not ex-

[1] Reported in 92 N. W. 972.

ceeding $3,000, out of the beneficiary funds of the order, upon satisfactory proof of plaintiff's death, and upon condition that he had theretofore faithfully complied with the regulations and conditions of membership. Soon after this, plaintiff was seriously and permanently injured by a fall, and thereupon made application for benefits under section 264 of defendant's by-laws, and, the application having been rejected, brought this action to recover the sum of $1,500. The verdict was for the plaintiff for the full amount claimed. This appeal is from an order wholly denying a motion for judgment notwithstanding the verdict, or for a new trial.

The order will have to be affirmed. The section of defendant's by-laws under which plaintiff claimed the right to recover the sum of $1,500 is as follows:

"Sec. 264. If a beneficial member in good standing becomes totally and permanently disabled, by reason of accident or disease, from following any occupation whatever, he may, at his option, upon satisfactory legal and medical proof of the supreme president and the recommendation of the lodge to which he belongs, be paid by the supreme lodge, one-half of the amount of his rate upon the surrender of his benefit certificate, which payment shall be in full satisfaction of all claims from him or his beneficiaries as a beneficial member against the order."

1. It is contended by defendant's counsel that because the issued certificate was, in form, a life insurance policy, and contained no reference to section 264, or to the payment of any sum on account of disability caused by accident, the plaintiff cannot recover. This section was in full force when plaintiff joined the order, and continued to be when he was injured. Putting aside the contention of his counsel that it stood conceded on the pleadings and at the trial that plaintiff was entitled to the benefit of this section, it is enough to say that it became a part of the contract made with plaintiff when he joined the order, while another by-law provided for the payment of disability benefits out of the same fund as were death benefits. Every member of the order, including plaintiff, contributed to the only fund provided for the payment, without discrimination, of both classes of claims. Every by-law of the association entered into and formed a part of the contract between it and its members, and it was not necessary to incorporate this

fact into the certificate. Lake v. Minnesota M. R. Assn., 61 Minn. 99, 63 N. W. 261; Ebert v. Mutual R. F. L. Assn., 81 Minn. 116, 83 N. W. 506, 84 N. W. 457.

2. It is also contended by defendant that the burden was on the plaintiff not only to show that he became a member of the order, but that he remained a member in good standing up to the time of his alleged disability. The certificate itself is evidence that he was a member of the order in good standing when it was issued, and it is presumed that he continued to be such a member, in the absence of evidence to the contrary. If he had lost his good standing, it was incumbent upon defendant order to allege it in the answer, and to make proof of the allegation at the trial. If the membership had ended, it was incumbent upon the association to prove it. Cornfield v. Order Brith Abraham, 64 Minn. 261, 66 N. W. 970. More than this, the defendant failed to show that it had ever properly made an assessment against plaintiff, and the finding of the court to this effect was abundantly sustained by the evidence.

3. It is further contended that plaintiff did not show he had complied with the requirements of section 264 as to proof of his disability. We think there was an abundance of evidence upon this point, and, further than this, there was an admission upon the trial which made such evidence unnecessary. Counsel for defendant practically admitted that the proof of disability was ample and in compliance with the by-law.

4. By section 522 of the by-laws it was provided that any member of the order should have the right to appeal in case he considered any decision or act of any officer to be unjust, or that an injustice had been done him by any decision. An examination of section 266 of defendant's by-laws will show that the action of the supreme president of the order upon a member's application for disability benefits is final, for it is expressly so provided, and that there shall be no appeal from his decision. In addition to this, it may be stated that defendant's answer alleged this final determination of the supreme president, and made no issue upon a claim that plaintiff had failed to appeal from his determination. Again, counsel seemed to admit at the trial, without hesitation, that no appeal was necessary.

5. The last and most important point to be considered is the assertion that at the trial plaintiff failed to show that he was totally and permanently disabled from following any occupation whatever. It was because of this alleged failure of proof that counsel moved the court at the conclusion of the trial to direct a verdict for the defendant. The inquiry is, does the evidence show that plaintiff has, by reason of the accident, become totally and permanently disabled from following any occupation whatever; measuring this evidence by the well-established rules for the construction of contracts of this nature?

When plaintiff was injured he was fifty years of age. A few months before this he had gone out of the active life in which he had been engaged (heavy manual labor), and had opened a small grocery store. It was in evidence that he was then, and up to the time of the injury, a strong, robust, and vigorous man. When injured he was engaged in the work of soliciting members for defendant order, having given up the grocery business. The injury was a very severe one, resulting in partial and progressive paralysis. He has permanently lost the use of one leg, and can move it only by the aid of a crutch, at the bottom of which is a bar upon which he rests his foot. He moves this leg by lifting and carrying its weight, resting upon the bar of the crutch, with his right arm and shoulder. It is not only useless, but very burdensome, as may well be understood. He was also shown to have suffered continually from a diseased rectum and bladder, the result of the accident, which would, of course, impair his ability to work. He was otherwise a sufferer, and was shown to be incapable of performing any work which required travel or exercise. Evidently, he is in a condition where it would be prudent for him to cease altogether from labor. With the best care, he will not improve.

It is true that at the time of the trial he was the nominal manager of a mine situated in the state of Washington; but his wife, a cook at the mine, and his son, continually assisted him in the performance of his duties. For all the work performed by the plaintiff and his son, they received their board only, while the wife was paid $20 a month for her services as cook. It is true that the plaintiff has employment through which he earns his board, but

the by-law upon which he rests his right to recover is not to be construed literally or strictly. A majority of the courts construe like provisions liberally, as was done in this court in Lobdell v. Laboring Men's Mut. Aid Assn., 69 Minn. 14, 71 N. W. 696. There the clause under consideration was one that, should a member's injuries wholly and continuously disable him from "transacting any and every kind of business pertaining to his occupation," he should be entitled to benefits. The plaintiff was a merchant by occupation. It was said that total disability must, from the necessity of the case, be a relative matter; that a merchant might occasionally perform some single and trivial act, such as waiting on customers, and yet be substantially and essentially unable to transact any kind of business pertaining to his occupation as a merchant; and that the frequency and nature of these acts would be for the consideration and determination of the jury.

The case of Young v. Travelers, 80 Me. 244, 13 Atl. 896, is a leading one as to the interpretation to be given these provisions. There the plaintiff was a billiard-saloon keeper, and introduced evidence to show that he was wholly disabled from doing many of the material acts necessary to be done in that business. The conclusion of the court was that he was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution. "If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was able to do and perform one only, he was as effectually disabled from performing his business as if he could do nothing required to be done."

In Neill v. Order, 149 N. Y. 430, 44 N. E. 145, there was before the court for construction a by-law of a beneficial order which provided for the payment of benefits should a member become permanently disabled from following "his usual or some other occupation." The plaintiff had been a railway brakeman. The court, in its opinion, said: "It is contended that his disability, though permanent, is not such as to prevent him from engaging in 'some other occupation'; that 'some other' means 'any other'; and that consequently he has no cause of action. Should this construction be adopted? If it is, what disability must a member suffer in

order to be entitled to the benefits guarantied to him under his certificate of membership? This question is not easily answered. He might be deprived of both feet and both hands, and still be able to sit and watch a milk car, and thus engage in 'some other occupation.' Such a construction would practically relieve the defendant from all liability, for total disability arising from accident seldom occurs. The defendant was organized under the act for incorporating charitable, benevolent, and beneficiary associations. Being charitable and benevolent in character, its position of promising insurance, yet giving none, is hardly consistent."

These remarks are very pertinent to this case, for the defendant, purporting to be a charitable and benevolent organization, promising benefits in case of disability, now takes the position, practically, that, in order to recover under section 264, a member must show that he is so far disabled as to be incapable of performing the slightest service or labor. Such a construction, besides being unfair to the members, would prove an inducement to absolute idleness in case of an accident. Any person disabled as was this plaintiff should be stimulated in his efforts to do something for himself and for his family, and not instigated to be and remain a dependent upon others for every necessary of life.

In Hooper v. Accidental, 5 Hurl. & N. 546, it was held that, even though the insured might continue to do something which he was in the habit of doing before, nevertheless, as he was wholly incapacitated from following a very considerable part of his usual business, he was "wholly disabled from following his usual business, occupation, or pursuits." See also McMahon v. Supreme, 54 Mo. App. 468; Lord v. American, 89 Wis. 19, 61 N. W. 293; Scales v. Masonic, 70 N. H. 490, 48 Atl. 1084; Hohn v. Interstate, 115 Mich. 79, 72 N. W. 1105; Faulkner v. Grand Legion, 63 Kan. 400, 65 Pac. 653,—cases in which this question has been considered.

The language under consideration cannot be held to mean that a member, in order to have the disability benefits, must be incapacitated to the extent that he has not sufficient physical power and strength to follow any occupation whatsoever. He may be able to do some work or to engage in some occupation, although laboring under great physical and mental disadvantages and suf-

fering. Finally, upon the subject of proper construction we shall not undertake to improve upon the apt language of the learned trial court when denying the motion appealed from, as follows:

"The words 'following any occupation' mean something more than the doing of one or more acts pertaining thereto. They involve the idea of continuity; and involve, also, the doing of all those things which are an essential part of the work or business in which a party is engaged."

To construe the language in question as contended for by defendant's counsel would be to give it no effect whatever, for it is difficult to conceive of a case where a man would be so completely disabled as to prevent his engaging in any kind of occupation. It must have a practical and rational construction. The plaintiff was shown to be substantially unable to follow any occupation, because he was not able to do all of the essential acts necessary to be done in the prosecution of an occupation.

Order affirmed.