## HJALMAR KERKELA v. BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES.[1]

April 18, 1935.

No. 30,193.

*Merriam & Wright,* for appellant.
*Albert J. Stafne,* for respondent.

STONE, JUSTICE.

Action on accident and health insurance policy. After verdict for plaintiff, as for temporary total disability, defendant appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

April 5, 1932, plaintiff, while employed by a constructing contractor, A. Guthrie & Company, as foreman, fell from a scaffold and suffered injury. He remained on the job until quitting time but did not work the two following days, the sixth and seventh. He returned on the eighth and thereafter reported every day, including Sundays, for 56 consecutive days. During this period he received full pay for full eight-hour days, with some overtime.

[1]Reported in 260 N. W. 300.

Plaintiff was insured under an accident and health policy issued by defendant. It covered loss from bodily injury through external, violent, and accidental means and bound defendant to pay a monthly indemnity of $60 "when 'such injury' shall, independently of any and all other causes, immediately, totally and continuously disable the Insured from and after the time 'such injury' was received and prevent the Insured from performing any and every kind of work or occupation for wages or profit." It also provided for a monthly accident indemnity of $30 in the event of partial disability; for hospital indemnity at the rate of two dollars per day in the case of total disability under the terms of the policy and one dollar per day in case of partial disability; and for an indemnity of $60 for a surgical operation to "shoulder, hip, or knee joint" in case of total and $30 in case of partial disability.

Defendant having paid plaintiff 'the indemnities for partial disability, plaintiff sued for the difference between them and those provided by the policy for total temporary disability. He prevailed with the jury.

The gist of defendant's argument is that, as matter of law, plaintiff was not totally disabled within the policy terms and that the verdict of the jury has no support in the evidence. That must be tested by the rule of Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, 16, 71 N. W. 696, 697, 38 L. R. A. 537, 65 A. S. R. 542, that "total disability does not mean absolute physical inability * * * to transact any kind of business" pertaining to the occupation of the insured. "It is sufficient if his injuries were of such a character that common care and prudence required him to desist from the transaction of any such business so long as it was reasonably necessary to effectuate a cure." Under the policy phrase, "from transacting any and every kind of business pertaining to the occupation" of the insured, "inability to perform some kinds of business pertaining to that occupation" does not constitute total disability. "If an injury disabled the insured * * * from transacting one or more" branches of his business, "but left him able to transact others with due regard to his health, he would not be totally disabled within the meaning of this policy."

We have examined and reëxamined the evidence for plaintiff. He admits being on the work every working hour of every working day, with some overtime, for over 50 consecutive days. There is persuasive testimony that, while he did not do all his usual manual labor, he did much of it. But we accept his denial that he did any. Remains his admission that he was on the job all the time. There is no denial by him or anyone else that as "powder man" he superintended the blasting operations necessary to remove the concrete work of the old lock on the Mississippi River, at the "high dam" which had to be removed to make place for the new. That was a very important part of his work as foreman of the blasting operations. He himself continued to operate the ignition battery; that is, he determined and directed, not only where and how a blast was to be placed, but he also determined when it was to be ignited and set it off himself. On his own testimony, therefore, and as matter of law, he was not totally disabled.

His doctor testified that he was disabled by the accident for doing "ordinary manual labor." The medical testimony does not go further and does not suggest, within the rule of the Lobdill case, that "with due regard to his health" he was disabled from furnishing the supervisory service which admittedly he did furnish when needed, for every hour of the 56 days he continued on the job.

There being no evidence of total disability within the meaning of the policy, plaintiff's claim to total disability benefits fails as matter of law. The case is distinguishable from Wilson v. Metropolitan L. Ins. Co. 187 Minn. 462, 245 N. W. 826. The plaintiff there was a railroad man who had suffered the amputation of a foot. The jury found he had been totally disabled within the meaning of his policy. It was considered here that the verdict had enough support of evidence to prevent our determining otherwise as matter of law. Jones v. Fidelity & Cas. Co. 166 Minn. 100, 105, 207 N. W. 179, 181, was a death case arising under an accident policy with a death benefit. The evidence justified the conclusion that even though he resumed his work after the accident the insured was in no condition to do so because, even then, "his injury was progressing toward a fatal result."

It is not a pleasant thing to deny any sort of reasonable reward to any workman so loyal to his job that he sticks to it, as did plaintiff, even under the handicap of physical injury. But where we are dealing with contract rights, the contract governs. The one here determinative, applied to the facts as developed by the evidence for plaintiff himself, prevents recovery as matter of law.

The order is reversed with directions to enter judgment for defendant.