## LOUIS FINE v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.[1]

June 18, 1937.

No. 31,218.

[1]Reported in 274 N. W. 163.

*Fitchette, Shama & Bainbridge,* for appellant.
*Kellogg, Morgan, Chase, Carter & Headley,* for respondent.

STONE, JUSTICE.

Action to recover total and permanent disability cash benefits. Verdict was directed for defendant. Plaintiff appeals from the judgment entered thereon.

The controlling policy provisions are these:

"If the insured becomes wholly and permanently disabled before age 60 the society will  *  *  *  pay to the insured a disability annuity of twenty dollars a month.  *  *  *

"Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months."

About August 20, 1927, before reaching the age of 60, plaintiff discovered he had lost all the sight of his left and part of that of his right eye. He was then engaged in the mercantile business at Warren, Minnesota. He made claim for benefits and was paid them by defendant from November 20, 1927, to August 1, 1928. Defendant then stopped them, denying plaintiff's claim that he was totally and permanently disabled.

Plaintiff for many years had been engaged in the retail mercantile business. In August, 1927, when he first felt some loss of vision, he was operating a store at Warren, Minnesota, assisted by his son Harry. His home was in St. Paul. During the period of his treatment, to be again mentioned later, by Doctor Burch, he made trips between St. Paul and Warren alone. From April, 1928, to December, 1928, at which time the Warren stock was sold out, plaintiff spent the greater part of his time in the store waiting on customers and doing what buying was necessary.

In July, 1929, he opened a store at Annandale, Minnesota. His son remained with him about a month. Thereafter plaintiff ran the store with the regular assistance of one Lucien Maurice and occasional school boys working part time. It appears convincingly that both at Warren and Annandale plaintiff took an active part in managing the business. Plaintiff was at Annandale all the time from July, 1929, to December, 1932, except Saturdays and Sundays, "running" the store. He swept the floor, dusted the boxes, waited on customers, and determined policies. He had some difficulty in determining colors and sizes, but nevertheless waited on a great many customers without help. He determined the quantity of goods to be bought and all matters relating to the "management of the store." It was he who regularly opened the store every morning about 7:30 and remained there all day except for time out for lunch.

At an early stage of his eye trouble plaintiff consulted Dr. Frank E. Burch of St. Paul, who operated upon both eyes. The only medical testimony is that of Dr. Burch. It showed that plaintiff had contracted glaucoma, which is a hardening of the eye which will destroy vision if unarrested. By Dr. Burch's treatment the glaucoma was controlled in the right eye, and with the aid of glasses, his vision was 20/30. 20/20 is normal. The left eye became useless. Until March, 1933, plaintiff, with the aid of glasses, could read "quite fine print" with his right eye. But his near vision failed principally between March 13, 1933, and October 10, 1933. Plaintiff's policy age had become 60 on June 11, 1932.

■ In the application attached to and part of the policy, plaintiff stated June 11, 1872, as the date of his birth. That statement was not questioned by the complaint or answer. For plaintiff, error is predicated on the court's refusal to admit testimony that plaintiff was born June 11, 1874, instead of June 11, 1872. The purpose of the offered proof was to extend by two years the age limit of the permanent disability benefits of the policy. The offer was properly rejected. As to the permanent disability benefits, the statement in the application and policy became a term, if not a condition, of the latter. As such, it is binding upon plaintiff, the insured, under the rule of Reynolds v. Atlas Accident Ins. Co. 69 Minn. 93, 71 N. W. 831.

■ This court has had occasion to declare in particular cases the existence or nonexistence of total disability under policy provisions similar to or identical with those determinative here. The problem has arisen in two types of cases—where attempt is made to show absence of total disability is due to plaintiff's activity in (1) his usual occupation or employment or (2) some gainful work other than his usual occupation or employment. In this case we are concerned with the former. But in either case, the rule in substance of application is the same. Our leading case is Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn, 14, 15, 17, 71 N. W. 696, 697, 38 L. R. A. 537, 65 A. S. R. 542, where the rule was stated to be that total disability exists where there is an inability, "substantially or to some material extent," to transact any kind of business pertaining to such occupation. The mere occasional performance of a "trifling act" where the person is yet "substantially and essentially" unable to transact any kind of business pertaining to the occupation does not necessarily prove that he was not "wholly disabled." This rule has been reiterated and applied in a number of succeeding cases. Monahan v. Supreme Lodge O. C. K. 88 Minn. 224, 92 N. W. 972; Carson v. New York L. Ins. Co. 162 Minn. 458, 203 N. W. 209; Lorentz v. Aetna L. Ins. Co. 197 Minn. 205, 266 N. W. 699.

The frequency and nature of the acts is ordinarily for the jury. Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, 71 N. W.

696, 38 L. R. A. 537, 65 A. S. R. 542; Berset v. New York L. Ins. Co. 175 Minn. 210, 220 N. W. 561; Wilson v. Metropolitan L. Ins. Co. 187 Minn. 462, 245 N. W. 826. But the state of the evidence may be such that the court, as matter of law, must declare that total disability exists or not, by directing or setting aside a verdict. See Kerkela v. Benefit Assn. of Railway Employees, 194 Minn. 318, 260 N. W. 300.

True, occasional performance of some "single and trivial" act connected with his business as merchant would not render plaintiff's disability partial instead of total. Lobdill v. Laboring Men's Mut. Aid Assn. 69 Minn. 14, 17, 71 N. W. 696, 38 L. R. A. 537, 65 A. S. R. 542. But the evidence establishes the habitual performance of substantial and material acts by plaintiff in the conduct of his business after he was 60 years old. Those things which he was unable to do were ministerial, such as checking invoices, keeping books, and determining sizes and colors. The latter he could do, and did, with small assistance from customers. He was yet the real manager of the business—"running" it. If that is not transaction of business to a "substantial and material" extent, nothing is.

Particularly important is the unimpeached testimony of Dr. Burch, which, as to vision, and when put alongside the other evidence, negatives as matter of law total disability of plaintiff for some time after June 11, 1932.

Affirmed.

