

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 30, 1971

Hon. Joe Christie
Chairman, Nominations Committee
Senate Chamber
Capitol Building
Austin, Texas 78711

Opinion No. M- 847

Re: Whether an applicant's
part-time barbering practice
may be deemed to qualify
him for appointment to the
State Board of Barber Ex-
aminers pursuant to Article
734a, Sec. 26, Texas Penal
Code, and related questions.

Dear Senator Christie:

In your letter requesting an opinion from this office, you submitted the following facts:

"On September 17, 1969, Governor Smith appointed Mr. Roy Lee Fowler to the State Board of Barber Ex- aminers.

"Mr. Fowler served as a licensed barber from 1930 to 1942. In 1947, he renewed his license just prior to its expiration. He allowed his barber license to expire subsequent to 1947 but was licensed again in 1958 after successfully passing the barber licensing examination.

"From April 1959, until his appointment to the State Board of Barber Examiners, Mr. Fowler served as Barber Inspector. He maintains that since 1959, he has practiced barbering frequently on weekends for compensation.

". . ."

With regard to these facts you ask whether Mr. Roy Lee Fowler is qualified under the provisions of Section 26, Article 734a, Vernon's Penal Code (Texas Barber Law) for appointment as a member of the State Board of Barber Examiners.

The State Board of Barber Examiners consists of three members appointed by the Governor. Section 26, Article 734a, Vernon's Penal Code (Texas Barber Law) which prescribes the qualifications for appointment as a member of the Board, provides, in part, as follows:

> ". . . Each member of said Board shall be a practical barber who has followed the occupation of a barber of this State for at least five (5) years immediately prior to his appointment. ..."(Emphasis added.)

In the case of Bell Publishing Co. v. Garrett Engineering Company, 141 Tex. 51, 170 S.W.2d 197 (1943) the Court held that the words "practical," "engineer" as used in an alleged libelous newspaper article, which charged that an engineering company had no one connected with it who was a practical engineer, were not legal terms, were ambiguous and the meaning they conveyed to the mind of an ordinary reader was a question for the jury to determine. On the basis of the holding in the Bell Publishing Company case, it is our opinion that the term "practical barber" as such term is used in Section 26, Article 734a, Vernon's Penal Code, is not a term subject to legal definition, and consequently its meaning must be factually determined. Under the provisions of Section 26, Article 734a, Vernon's Penal Code, an individual, prior to his appointment to the Board, must in addition to being a "practical barber" have "followed the occupation of a barber of this State for at least five years immediately prior to his appointment."

The case of Winters Mutual Aid Association v. Reddin, 31 S.W.2d 1103 (Tex.Civ.App. 1930, reversed on other grounds, 49 S.W.2d 1095 Comm. App. 1932), the Court interpreted this same language as applied to a barber as follows:

"What does it mean to follow an occupation?  As said in Monahan v. Supreme Lodge, 88 Minn. 224, 92 N.W. 972, 974:  'Following any occupation' means something more than the doing of one or more acts pertaining thereto.  They involve the idea of <u>continuity, and involve, also, the doing of all of those things which are an essential part of the work or business in which a party is engaged</u>."  (Emphasis added.)

It would follow that some substantial practice of barbering is required, or distinguished from a purely incidental or de minimis activity.

Based upon the foregoing interpretation and assuming the facts submitted to be true as represented, it is our opinion that Mr. Roy Lee Fowler may be found to have substantially followed the occupation of a barber for at least five years immediately prior to his appointment as a member of the State Board of Barber Examiners. Mr. Follower is now and has been a licensed barber since 1958. From 1959 until his appointment to the Board in 1969, he served as a barber inspector for the State Board of Barber Examiners.  It is doubtful he could have performed the function of a barber inspector without obtaining and utilizing the practical knowledge of the occupation of barbering as would qualify him as a practical barber in the occupation in which he is licensed.  Also, as a barber inspector, he was no doubt expected to exercise trained professional judgment in pursuing his inspection duties.  We have been advised in this connection by the State Board of Barber Examiners that it is and has been the policy of the Board to require barber inspectors to possess a Class A barber's license.  It would thus appear that an inspector is engaged in a vital aspect of following the barbering occupation.  In addition, your request states that since 1959, Mr. Fowler has barbered frequently on weekends.  Section 27a of Article 734a expressly permits and contemplates that barber inspectors may also so engage in the occupation of barbering.  We have been furnished affidavits by Mr. Fowler and several witnesses showing some practice of such barbering by Mr. Fowler and also

affidavits which tend to discredit this showing. Whether there has been a substantial practice is a disputed fact question. Assuming Mr. Fowler's representations to be true, it appears that he could be found to have continuously followed and practiced the occupation of a barber since 1958 to the time of his appointment as a member of the State Board of Barber Examiners.

We cannot, therefore, hold, in the face of this evidence and of this statute, that Mr. Fowler is disqualified as a matter of law from appointment to the State Board of Barber Examiners. On the basis of the foregoing discussion and evidence, it is our opinion that Mr. Roy Lee Fowler is not disqualified by law from consideration for the appointment as a barber who has followed the occupation of a barber for at least five years immediately prior to his appointment to the State Board of Barber Examiners.

We must point out, however, that this office is without authority to determine controversial fact questions, and we cannot make a factual determination here that Mr. Fowler is qualified factually and undisputably as a matter of law. This is the prerogative of the body passing upon the factual dispute, keeping in mind the legal guidelines herein discussed.

Statutes declaring qualifications for office, whether by election or appointment, are to receive a liberal construction, and any doubt or ambiguity in this connection is to be resolved in favor of eligibility to office. 42 Am.Jur. 908, Public Officers, Section 37. A statutory provision restricting the right to hold office must be strictly construed against ineligibility. Willis v. Potts, (Tex.Sup. 1964), 377 S.W.2d 622,623.

## S U M M A R Y

A barber inspector who has been a part-time licensed "Class A" barber may be found to have been a practical barber who has followed the occupation of a barber for at least five years

immediately prior to his appointment to the State Board of Barber Examiners if he has performed substantial practice continuously and therefore is not disqualified as a matter of law for appointment to the Board under the provisions of Section 26, Article 734a, Vernon's Penal Code. Where the extent of the pursuance of the occupation of barbering is in dispute, the question of substantial practice is a fact question which cannot be determined by this office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

By  *Nola White*

NOLA WHITE

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Ronald Luna
Pat Bailey
Dyer Moore

ALFRED WALKER
Executive Assistant

MEADE F. GRIFFIN
Staff Legal Assistant