## TIFFANY *a.* WILLIAMS.

*New York Common Pleas; Special Term, March*, 1860.

### PLEADING.—DENIAL.

In a complaint in an action brought by an officer of a joint-stock company, the allegation that the company is a joint-stock company or association, consisting of more than seven shareholders or associates, is,—under the act of 1849 relative to such suits,—a material and issuable allegation.

Demurrer to answer.

The action was brought by plaintiff as treasurer of the Racket Court Club, to recover rent. The contents of the pleadings sufficiently appear in the opinion.

BRADY, J.—There is but one question presented by the demurrer in this case, and that is, whether it is competent for the defendant to put in issue the allegation of the complaint, "that the Racket Court Club is a joint-stock company or association, consisting of more than seven shareholders or associates," by simply denying the fact. It is certainly necessary to the success of the plaintiff, as treasurer of such a club, to prove its existence, because it is evident that this action was brought in reference to the statute of 1849, relating to joint-stock companies or associations, and acts amendatory thereof. (See 3 *Rev. Stat.*, 5th ed., 777.) The capacity of the plaintiff to sue is not questioned, and on the authority of Hastings *a.* McKinley (1 *E. D. Smith*, 273), it could not be on the trial. The defendant, in effect, admits the capacity of the plaintiff to sue, provided the club which he represents existed as alleged, and it seems to me that he can, by a denial of such existence, put the plaintiff to the proof thereof. If such associations were made by law corporations, the defendant would have to set up as a defence that the club was not, in fact, a corporation, if he desired to avail himself of such a defence. (Union Mutual Insurance Company *a.* Osgood, &c., 1 *Duer*, 707.) But the acts referred to provide that nothing contained in them shall be construed to confer on joint-stock companies or associations any of the rights or privileges of corporations.

The plaintiff relies upon Hastings *a.* McKinley (*supra*) to show that a mere denial of the allegation referred to is not sufficient to create an issue, but it is not an authority on the question suggested. The court held that it was too late for the defendant to object, after answer, that a married woman could not sue without a next friend, because that defect was apparent on the face of the complaint, and not being objected to by demurrer or answer, was waived. Not so in this case, however, as already shown, because the defendant, by his answer, denies that the club is a joint company or association. This is the only mode in which the fact could be put in issue, and to deny the right to put it in issue would in effect preclude the defence that no such company or association existed. (See Tibbets *a.* Blood, 21 *Barb.*, 650.)

Upon the other questions, I consider the case of Edgerton *a.* Page (18 *How. Pr. R.*, 359; S. C., 10 *Abbotts' Pr. R.*, 119), conclusive against the defendant.

The defendant is entitled to judgment on the demurrer, with liberty to the plaintiff, however, to withdraw the demurrer on payment of costs.

Order accordingly.

## CHAMBERS *a.* LEWIS.

*New York Common Pleas; Special Term, March,* 1860.

### ELECTION OF REMEDIES.—COMPLAINT.

In an action for wrongfully taking and detaining personal property, the complaint demanded judgment for damages in the amount of the value of the property, with interest.

*Held,* the summons not being before the court, that it was not to be deemed that plaintiff's action was founded on a waiver of the tort, and a resort to an implied promise to pay, but that the foundation of the action was the tort.

Of the election of remedies under the Code.

Demurrer to complaint.

The facts are stated in the opinion.

BRADY, J.—It seems to be settled upon principle, and the weight of authority, that where goods are wrongfully taken or detained, the plaintiff may waive the tort, and bring an action upon an implied promise to pay for them. (Butts *a.* Collins, 13 *Wend.,* 154; Putnam *a.* Wise, 2 *Hill,* 140, and cases cited in note; McKnight *a.* Dunlop, 4 *Barb. S. C. R.,* 36; Carey *a.* Green, 3 *How. Pr. R.,* 376; Hinds *a.* Tweddle, &c., 7 *Ib.,* 278.) But an examination of the cases will show that where the tort was waived, the action was in form, not trover, but assumpsit. Under the Code assuming the right of election to exist, there is a difference in the remedy. If the action be for wrongfully taking or detaining property, the defendant may be arrested, but not if it be to recover a sum of money arising upon contract, unless the defendant was guilty of a fraud in contracting the