LEROY DARLING, Respondent, *v.* THE PROTECTIVE ASSUR-
ANCE SOCIETY OF BUFFALO, N. Y., Appellant.

(County Court, Steuben County, February, 1911.)

Contracts — Validity of contracts — Public policy in general — Con-
tracts affecting judicial action or administration of justice.
Justices of the peace — Procedure in justices' courts — Process — Ob-
jections and waiver thereof.

> A defendant, in an action in a justice's court, by filing a written
> answer without objecting to the sufficiency of the return of the
> constable to the service of the process, waives any objections
> thereto.
>
> An objection of the want of service or defective service of process
> cannot be taken by a plea or answer.
>
> A provision in a policy of insurance that any suit or action upon
> it shall be brought in a court sitting in a given city and there
> tried is invalid and unconstitutional as it deprives the insured of
> rights guaranteed to him under the Constitution and statutes of
> the State.

ACTION by Leroy Darling in justice's court, town of Ad-
dison, Steuben county, N. Y., to recover for a breach of con-
tract, in that the defendant failed and refused to comply
with the provisions of a certain policy of insurance.

Smith & Hollis, for appellant.

Charles L. Crane, for respondent.

BURRELL, J.   On or about October 1, 1909, the defendant
issued to the plaintiff a policy of insurance which provides
for certain payments to be made to the assured by way of
loans, in case of sickness or disability resulting from acci-
dental injuries, subject to certain rules and regulations
which are printed on the back of the policy.

The plaintiff received the policy, having paid the re-
quired premium at the time of making his application and

8

before receiving the policy, and subsequently paid his dues in the society up to July 1, 1910.

On or about February 28, 1910, the plaintiff was injured by an accident, while on his engine, and two of his ribs were broken and he was disabled until April 4, 1910.

The proofs of plaintiff's claim were duly filed with the defendant, who refused to pay the claim, as is shown by letters in evidence. The plaintiff brought this action, in a justice's court of the town in which he resides, to recover on said rejected claim.

The defendant appeared by counsel on the return day of the summons before the justice and, without making any objection to the proceedings, filed an answer in writing, as follows:

" The defendant answering the complaint of the plaintiff herein, appears specially and alleges that the court has no jurisdiction in the case and demands that the complaint be dismissed and the defendant have judgment for costs."

(Signed by the defendant,
by its Attorney.)"

The defendant, by its attorney so appearing, took part in the trial, cross-examined the plaintiff's witnesses and, at the close of the evidence, made a motion for a non-suit, but offered no evidence. The result was a judgment for the plaintiff of thirty dollars damages, besides costs.

The appellant claims, *first,* that there was never a proper service of the summons on the defendant. The summons was returned by the constable served upon David Severance, an agent of the defendant, by delivering to and leaving with him personally a true copy thereof. It also appears by the evidence on the trial that David Severance was the man who solicited the insurance of the plaintiff and who took his application and received the first payment on the same, and in due course of time the plaintiff received the policy of the defendant.

Section 2881 of the Code of Civil Procedure allows a summons to be served on an insurance company by delivering a copy to any general or local agent of the company residing

in the county. The return of the constable shows that he served it on an agent of the defendant at Addison, N. Y. and, under the circumstances, seems to be conclusive.

If the return of the constable was defective, the defendant could have challenged such service, showing that the person so served was not an agent of the defendant, if such was the fact; but the defendant did not do so, but contented itself by filing its written answer, without any objection to such return of the constable, so that there was nothing on which the justice was called upon to decide relating to any defect in the service.

It is well settled that, if the return of the constable shows a service in compliance with the statute and nothing is shown or attempted to be shown to the contrary, the return will be presumptive evidence of the facts stated. Wheeler v. New York & Harlem R. R. Co., 24 Barb. 414; 3 Waite Law & Pr. 126.

The second point urged by the appellant for the reversal of the judgment is the more serious one, alleging that the court had no jurisdiction of the action for the reason that section 26, on the back of the policy or certificate of assurance, states as follows: "Any suits or actions at law in the State of New York upon a cause of action arising out of or under any Certificate issued by this Society shall be brought in courts sitting in the City of Buffalo and there tried."

There is also printed on the face of the policy, at the bottom, the following: "This certificate is accepted on the terms and conditions named."

There is no proof that this condition was called to the attention of the assured or that there was ever any agreement by him to that condition, unless he can be said to have agreed to it by retaining the policy; but at that time he had made his application and paid his money to the agent who solicited the insurance, without seeing the conditions printed on the back of the policy subsequently received by him, or so far as the proof shows knowing anything at all about such conditions.

I think a provision of that character in a contract like this one is invalid and unconstitutional, as it deprives the

plaintiff of certain rights guaranteed to him under the Constitution of the State of New York and the statutes of the State.

The Constitution of the State and the statutes determine the jurisdiction which shall be exercised by the courts of the State and, their jurisdiction having been lawfully conferred, they cannot be prevented from exercising it, when it is properly invoked, by the private contract of individuals. McLean v. Tobin, 58 Misc. Rep. 528; Benson v. Eastern Building Loan Co., 174 N. Y. 83.

It would seem, in addition to the foregoing conclusions, that, by the joining of issue between the parties without objection, jurisdiction was conferred on the justice, even if he did not possess it before the joining of issue.

An objection to the jurisdiction after the joining of issue is available, merely as an objection, and is not available on the ground of want of jurisdiction. New York & Erie R. R. Co. v. Purdy, 18 Barb. 574; Pearce v. Randall, 5 Hill, 264, 271; 3 Waite Law & Pr. 126.

It is held in Waring v. McKinley, 62 Barb. 621, that an objection to the jurisdiction cannot be taken by answer; and the court there says: " If process has been defectively served or not served at all, the defendant cannot come into court and by a plea or answer set up such defect or want of service to defeat the action. The issue to be tried relates to the merits and not to the practice in the suit."

While the answer did not contain any other allegations for a defense, except the want of jurisdiction which the defendant relied upon as a defense, yet it was no less an answer and a joining of issue and was a waiver of any defects existing in the jurisdiction of the court.

The defendant, having elected to go to trial without raising any objections of which it might, possibly, have availed itself on this appeal, is bound thereby and cannot now complain.

The provisions in the policy or certificate in regard to the time of the commencement of any action were waived by the defendant, as is shown by its letters in evidence in which it refuses to pay the claim.

In the case of Cole v. Preferred Accident Insurance Co., 40 Misc. Rep. 260, it is held that, where the insurer repudiates any liability under the policy, that alone excuses compliance by the beneficiary with the condition antecedent to the recovery; and that case also holds that, when the policy is open to two constructions in this particular, the construction which favors the insured shall be adopted. Gough v. Davis, 24 Misc. Rep. 247.

And for the purpose of upholding the contract of insurance its provisions will be strictly construed against the insurer. Darrow v. Family Fund Soc., 116 N. Y. 537.

The judgment of the court below is founded on sufficient evidence and should be affirmed, with costs.

Ordered accordingly.