THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v.
MASSACHUSETTS BONDING AND INSURANCE COMPANY,
Respondent.

Third Department, March 6, 1918.

**Guaranty and suretyship — pleading — complaint in action by
State upon bond of highway contractor which had failed to per-
form its contract.**

Complaint in an action by the State against a surety company upon the
bond of a contractor with the State for the resurfacing of a highway
alleging that the contractor acting in collusion with the agents of the
plaintiff had falsely represented that its contract had been fulfilled and
upon such representation had obtained payment, examined, together
with the bond, and *held*, to state a cause of action.

APPEAL by the plaintiff, The People of the State of New
York, from an interlocutory judgment of the Supreme Court
in favor of the defendant, entered in the office of the clerk of
the county of Albany on the 26th day of March, 1917, sustain-
ing a demurrer to the complaint and adjudging that the same
does not state facts sufficient to constitute a cause of action.

*Merton E. Lewis, Attorney-General* [*Wilber W. Chambers,
Deputy Attorney-General,* of counsel], for the appellant.

*Rollin B. Sanford* [*Joseph A. Murphy* of counsel], for the
respondent.

H. T. KELLOGG, J.:

This is a demurrer to a complaint. The complaint alleges
that the plaintiff and the Suffolk Contracting Company
entered into a contract for the resurfacing of a highway;
that the Suffolk Contracting Company and this defendant,
the former as principal and the latter as surety, executed a
bond to the plaintiff for the faithful performance of such
contract; that the Suffolk Contracting Company failed to
comply with the terms of the contract; that the contract
called for the placing of 12,727 cubic yards of Hudson river
gravel; that in fact only 9,299 cubic yards were placed; that
the said gravel was inferior to the gravel specified; that the
construction was inferior to contract specifications; that the
Suffolk Contracting Company, acting in collusion with agents

of the plaintiff, falsely represented that its contract had been fulfilled; that upon such representation the plaintiff paid to said company the sum of $71,531.19; that the work performed and the materials furnished were in fact worth $47,707 less than the sum so paid and the work and materials described in such representations. The contract, specifications and bond are set forth and made a part of the complaint. The contract provides that the contractor will furnish all materials required, and will construct and complete in the most substantial and workmanlike manner. The condition of the bond is that it will be void " if the said principal shall well, truly and faithfully comply with and perform all of the terms, covenants and conditions of said contract." It is difficult to see wherein a sufficient case against the surety is not stated. The argument for insufficiency seems to be that the contract provides an exclusive remedy in sections 9 and 10 thereof. Those sections provide for a forfeiture of the right of the contractor to complete his contract in case the Commission of Highways deems that he has failed to provide men and materials properly to progress the work, for the reletting of the work or its completion by the Commission. These sections are permissive merely. They were written, not for the benefit of the contractor, but for the benefit of the State. They provide an additional, but not an exclusive remedy. Moreover, they have no application to a state of facts alleged to exist here. This is the case of a contractor who voluntarily leaves his work, representing the same to be finished, and obtaining pay for a finished job. It is not a case of a compulsory suspension of work by the Commission for failure to make progress. The contractor apparently completes a highway, but it is a highway inferior to the highway promised No reason is apparent why the surety should not be liable for that sum of money which will enable the State to obtain the highway improvement promised and guaranteed.

The interlocutory judgment should be reversed, with costs.

All concurred.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendant, within twenty days, to answer, upon payment of such costs.