WILLIAM E. GIFFORD, Respondent, *v.* JAMES C. FARGO, as Treasurer of the AMERICAN EXPRESS COMPANY, Appellant.

(County Court, Oneida County, March, 1919.)

**Joint stock associations — section 1776 of the Code of Civil Procedure applicable to — justice of the peace has no power to amend a summons — pleading — appeal — evidence — judgments — costs — Code Civ. Pro. § 3066(5).**

A justice of the peace has no power to amend a summons.

Where, however, by consent the summons is amended as to the name of the defendant and an answer is filed, the defendant cannot be heard to complain on appeal from the judgment rendered against him.

The provisions of section 1776 of the Code of Civil Procedure apply to a joint stock association.

Where the allegation of a complaint that a certain company is a joint stock association of which the defendant is treasurer, is not affirmatively attacked by the answer which contains a general denial, and no evidence is given as to the character of the defendant, it will be held on appeal from a judgment in favor of plaintiff that there was no failure of proof in that respect.

Where in an action in Justice's Court the uncontradicted evidence shows that a " casting " worth fourteen dollars was delivered to defendant for shipment on a certain day in April; that it should have arrived at its destination the next day but did not until some time in July, the plaintiff, who refused to accept it and testified that it had then no value, is entitled to a verdict for fourteen dollars, and a judgment, which in addition gave an additional amount for special damages without any evidence thereof, must be reduced accordingly and affirmed.

A judgment for fourteen dollars should be permitted to stand upon the theory that the action was for negligence from which defendant was not absolved by a condition of the shipping receipt that plaintiff's claim should have been made in writing, which was not proven.

Under section 3066(5) of the Code of Civil Procedure the judgment being affirmed only in part, respondent was entitled to ten dollars costs and disbursements.

County Court, Oneida County, March, 1919.    [Vol. 106.

APPEAL on questions of law from a judgment of Justice's Court.

Jones, Townsend & Casey, for appellant.

James T. Cross, for respondent.

HAZARD, J.   On April 24, 1918, the plaintiff shipped or caused to be shipped from Syracuse, N. Y., a certain "casting" by the American Express Company to plaintiff at McConnellsville in this county, a distance of some fifty-four miles.   It is said that the shipment should have reached McConnellsville the following morning; but it did not in fact arrive there for upwards of two months.   This action was brought to recover damages on account of the foregoing facts and has resulted in a verdict for the plaintiff in the sum of forty-nine dollars, from which defendant appeals.

The summons was originally issued against "American Express Company."   It was served as per return upon Addison Gibbons, " agent for defendant at the town of Annsville, N. Y."   We may, I think, assume that this service is sufficient under section 2881 of the Code.   Upon the return of the summons presumably, the plaintiff asked to amend " all the proceeding in the action to conform to the fact so as to read William E. Gifford, plaintiff and James C. Fargo as treasurer of the American Express Company defendant."   It seems this motion was granted.   I do not think the justice of the peace had any power to amend his process.   The powers given to courts by section 723 of the Code clearly apply to courts of record, and the justice had no other powers in that connection except such as are given to him by section 2944 of the Code which relates to pleadings only.   However, the following appears in the return: " This motion is made pur-

suant to consent made in open court at the time of join-
ing issues by Mr. Thyme who opens (doubtless mean-
ing appears), as attorney and agent." Appellant
contends that the amendment was without warrant of
law and without authority, and that the magistrate
did not acquire and never had any jurisdiction to
render a judgment against the defendant, James C.
Fargo, as treasurer. It is doubtless true that the sum-
mons as issued was not effective, but it having been
served upon an agent of the defendant, and the defend-
ant having appeared and consented thereto, I think it
is estopped from raising any such claim at this time,
especially when it appears that at a later date a writ-
ten answer was filed herein with title as above, and
signed as follows: " James C. Fargo, as Treasurer of
the American Express Company, by Jones, Townsend
& Casey, their attorneys." Nowhere in the case prior
to the argument of this appeal has the defendant
Fargo registered any objection, but seems to have
voluntarily appeared and consented that the former
error in the original summons might be corrected by
bringing the suit against himself as treasurer. I do
not think he should be heard upon this appeal to ques-
tion what he has expressly and repeatedly consented
to by apparently two different representatives appear-
ing for him at different times in this action. *Darling*
v. *Protective Assurance Soc.,* 71 Misc. Rep. 113.

The complaint herein alleges: " That the American
Express Company is a joint-stock association of more
than seven persons, of which the defendant James C.
Fargo is treasurer, existing pursuant to the laws of
the State of New York,  *  *  *  and at all times here-
inafter named was engaged in business in the State of
New York and elsewhere as a common carrier of goods
and merchandise." The answer contains a general
denial, but does not affirmatively attack the above alle-

gation.  No evidence was given upon the trial as to the character of the defendant.  It is claimed by the appellant that section 1776 of the Code does not apply to joint-stock associations, and that therefore there was a failure of proof.  The point is interesting and apparently novel as no citations are furnished me, and I am unable to find any directly in point.  The nearest case I am able to find is *Tiffney* v. *Williams,* 10 Abb. Pr. 204; but I am convinced that there was in that case an affirmative allegation of denial, although this is not beyond doubt.  The question is not without difficulties. Section 1776 by its terms relates only to an action " brought by or against a corporation."  A joint-stock association is not a " corporation," but it has many, in fact most, of the attributes of one.  In fact, it has been said to have all of the attributes except that of having a seal.  *Waterbury* v. *Merchants Union Express Co.,* 50 Barb. 160.

Again it is said that: "A joint-stock association is hybrid in its character.  It is regarded for some purposes as a corporation and for other purposes as a partnership."  *Matter of Jones,* 28 Misc. Rep. 358.

Plaintiff cites article 8 of section 3 of the New York State Constitution which provides that: " The term corporations as used in this article shall be construed to include all associations *and joint-stock companies.*" This, however, is probably not controlling, as it will be observed that it refers only to the term " as used in this article," meaning of course the Constitution, and not including the Code.  Defendant cites the case of *McCabe* v. *Goodfellow,* 133 N. Y. 89, as authority for the proposition that the plaintiff must allege and prove that all the members of the association were liable either jointly or severally to pay his claim. This *dictum* is pursuant to and in conformity with the language of section 1919 of the Code.  Not only was

there not in the case at bar any proof of the identity of character of the defendant, but there was also entire absence of any proof along the lines indicated in the case of *McCabe* v. *Goodfellow,* and appellant contends that in the absence of such proof this judgment cannot stand. After mature deliberation I am of the opinion that the case at bar must be differentiated from the *McCabe* v. *Goodfellow* case. The organization involved in that case was an unincorporated society, a mere association organized for an altruistic purpose, with no capital, and with no thought of transacting any business or making any profit. This defendant, on the other hand, is organized for business, has a capital and is being operated for profit. In the *McCabe* case the court, at page 95, points out this difference, saying: "In this respect there is a plain distinction between associations formed for the purpose of pecuniary profit and those formed for other objects." See also *Westcott* v. *Fargo,* 61 N. Y. 549.

It is not a matter beyond doubt as to whether a joint-stock association gets its authority to sue or be sued from section 1919 of the Code. Formerly such an association was given authority to sue and be sued. Laws of 1849, chap. 238. That act has been repealed and various amendatory acts have been passed, some or all of which have been repealed. Nothing similar seems to be found in the Joint-stock Association Law, as it now exists. Even if we must have recourse to section 1919 for authority to sue a joint-stock association, I think we may assume that it is the intention of the law to include such a concern as is this defendant within the provisions of section 1776 of the Code. It is organized about like a corporation, has all the practical characteristics of a corporation, and all of the reasons which make section 1776 of the Code necessary or desirable apply with equal force to this defend-

ant; and I think it should be held that the provisions of that section do apply, and that there was therefore no failure of proof in that respect in this case.

The value of the casting in question upon the day of shipment was proven at fourteen dollars, and the plaintiff has been permitted to recover in addition upon his claim for special damages because of the delay or failure to deliver. It is claimed by the defendant that upon the authority of *Chapman* v. *Fargo,* 223 N. Y. 32, the plaintiff's proofs were not sufficient to entitle him to recover. I deem it unnecessary to pass specifically upon that point, because I consider that the lack of proof of damage is such that no damages under the special agreement were established. Whatever the facts with reference to the proofs may have been, the return does not show any thing warranting special damages. The proof does show that a casting worth fourteen dollars was delivered to the defendant for shipment on April 24, 1918; that it should have arrived at its destination the following day; that it did not in fact arrive there until " sometime in July," when plaintiff refused to accept it, and testified that it had then no value. This evidence is uncontradicted, and I think clearly entitles the verdict to stand for that amount. The suggestion that the " casting " had some value as junk has no particular force, as there is nothing in the case to show what the casting was made of, or if it had any value at all, it was more than nominal. The recovery of the plaintiff must therefore be reduced to fourteen dollars.

Defendant raises another point upon which he contends that the recovery of the plaintiff cannot stand at any amount. It seems that the shipping receipt issued by the defendant to plaintiff, and which constituted the contract between them, contained this provision, " Except where the loss, damage or injury

complained of is due to delay or damage while being loaded or unloaded, * * * as conditions precedent to recovery claims must be made in writing to the originating or delivering carrier within four months after delivery of the property,'' etc. No such claim in writing was proven to have been made. It was, however, proven that oral notice and claim were made very promptly and persistently, so that the real reason for the rule or condition, which is to give notice to the shipper, was very fully complied with. I think the small recovery should be permitted to stand upon the theory that the foundation for the action is negligence of the defendant concern, and that the condition referred to does not absolve it from liability for its own negligence. *Lynch* v. *New York Central & H. R. R. R. Co.,* 89 Misc. Rep. 476; *Richardson* v. *N. Y. C. & H. R. R. R. Co.,* 182 App. Div. 122; *Security Trust Co.* v. *Wells-Fargo & Co.,* 81 id. 426.

We come to the question of costs which are governed by paragraph 5 of section 3066. The judgment has been affirmed only in part. I feel that the reduction is due mostly to technical errors, and possibly the failure of a lay magistrate to properly transcribe the evidence, and that therefore the respondent should have whatever costs of this appeal are permitted in such a case. The judgment will therefore be reduced from forty-nine dollars to fourteen dollars, and as so reduced, affirmed, with ten dollars costs and disbursements to the respondent.

Order affirmed, with ten dollars costs and disbursements.