ANNA MEGRUE, Respondent, *v.* THE UNITED LIFE INSURANCE ASSOCIATION, Sued as UNITED LIFE AND ACCIDENT INSURANCE ASSOCIATION, Appellant.

*Action on a policy of life insurance — affirmative equitable defense — trial of the cause — necessity of putting the application in evidence.*

In an action brought to collect the amount due upon a life insurance policy, an affirmative equitable defense was pleaded, and the case was tried without objection at a Circuit Court, before the court and a jury.

*Held,* that a judge in an equity case can seek the verdict of a jury to inform his conscience.

That where in such an action the policy and admissions contained in the answer make out a *prima facie* case, it is in the discretion of the trial judge whether or not to require the plaintiff to put in evidence the application for the insurance, and the defendant in such an action is not prejudiced by his refusal to so order.

APPEAL by the defendant, the United Life Insurance Association, sued as the United Life and Accident Insurance Association, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 3d day of February, 1893, upon a verdict for $11,591.53, rendered at the Kings County Circuit, and from an order entered in the said clerk's office on the 8th day of February, 1893, denying the defendant's motion for a new trial made upon the minutes of the court.

*Henry Wilber*, for the appellant.

*James C. Bergen*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered upon a verdict of a jury, and from an order denying a new trial upon the minutes.

The action was upon a life insurance policy and the defense was an affirmative one, based upon allegations that the deceased made false answers in his application for insurance.

The issues submitted to the jury were three in number, viz.: *First.* Whether the application for insurance was made December 31, 1889, or on January 9, 1890. *Second.* Was the deceased's answer to question No. 7 in his application a true answer, and, *third.* Did the deceased make a true answer to the question, " Have you ever had any serious illness, local disease or personal injury ? "

It is apparent, and the court so instructed the jury, that if they found in the affirmative upon the first question, *i. e.*, that the application was made on December 31, 1889, there was no occasion to consider the second question, as it was conceded that at that time there had been no refusal by any other company to issue a policy upon any application made by the deceased.

Upon the first question there was much evidence taken, and it was of a highly contradictory character. We think, as the matter stood, the court properly submitted the case to the jury, and that their verdict must stand.

The main issue was upon the third question, to wit, the physical condition of the insured at the time the insurance was effected.

The defendant assumed the affirmative upon the issue that the deceased falsely answered the question as follows : " Have you ever

had any serious illness, local disease or personal injury?" Upon this issue much evidence was taken, and we cannot say there was any such preponderance of testimony as to require the court to take it away from the jury, and it is entirely clear that the verdict is sustained by the evidence.

But the defendant claims that inasmuch as an affirmative equitable defense was pleaded it was error to try the cause at Circuit with a jury.

One answer to this proposition is that it was tried at Circuit without objection, and another is that a judge in an equity case can seek the verdict of a jury to inform his conscience.

Another ground of error is that the plaintiff did not put in evidence the application for insurance made by the deceased. The policy, and the admissions in the answer and upon the trial, made out a *prima facie* case, and it was in the discretion of the judge whether to require the plaintiff to put in the application or not.

The defendant was not prejudiced by his refusal to so order.

It was preeminently a case for a jury to determine, as it involved disputed questions of fact and conflicting testimony, and the credibility of witnesses. There was evidence to support the contentions of both parties. Under such circumstances, the verdict must stand.

We have examined all the exceptions, and find no error sufficient to warrant a reversal of the judgment or the granting of a new trial.

The judgment must be affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.