been issued, no part of which had been used in the purchase of non-taxable property, they inferred that the amount had been applied to the property of the relator in addition to the paid-up capital, and that the assets of the company were increased by that sum. But this inference has no sound basis as against the treasurer's statement of the actual value of the assets. Such a presumption was expressly disapproved in People ex rel. M. R. Co. v. Barker, 146 N. Y. 304, 313, 40 N. E. 996.

It does not appear, as stated in the return, that the share stock "had a market value far in excess of the nominal or par value of such stock"; and under the Union Trust Co. Case, supra, it would make no difference if it had appeared. It only appears that the stock of the company was not worth less than par. As the commissioners did not exercise their prerogative, and require an examination of officers and books, they were bound to assume that the value of the gross assets was correctly given in the statement filed with the commissioners.

In the recent case of People ex rel. Consol. Gas Co. v. Feitner, 78 App. Div. 313, 79 N. Y. Supp. 975, the Appellate Division in the First Department held that the commissioners were bound, under section 12, to assess the capital and surplus at its full value; that, if there was nothing to contradict the statement filed with them by the relator and the testimony of its president, the commissioners were bound to accept such statement and testimony as true, and determine whether or not the relator had assessable property. But because the record did not disclose the evidence upon which the commissioners acted, but only their conclusions, and as the court could not determine whether the conclusion was fairly drawn, it remitted the matter to them for further consideration. But in the present case we have all the evidence upon which the commissioners acted, and there is no reason why we should remit the matter to the commissioners.

It is unnecessary to consider the valuation of the service pipes, for, if the amount is added to the amount of the gross assets, there still is an excess of deductions over the amount of the gross assets.

For these reasons, the order of the Special Term should be reversed and the assessment canceled, with costs.

Order reversed, with $10 costs and disbursements, and judgment directed canceling the assessment.

WOODWARD, J., concurs. BARTLETT and HIRSCHBERG, JJ., concur in result. HOOKER, J., taking no part.

---

(40 Misc. Rep. 260.)

### COLE v. PREFERRED ACCIDENT INS. CO. OF NEW YORK.

(Supreme Court, Trial Term, Kings County. March, 1903.)

1. ACCIDENT POLICY—PREMIUMS—PRESUMPTION OF PAYMENT
    Where insured at the time of his death had possession of an accident policy, it raised the presumption that he paid the premium.

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1657.

**2. SAME—PROOFS OF LOSS—WAIVER.**

A beneficiary is excused from complying with the condition antecedent to recovery, that proofs of death must be furnished, in an accident policy, within two months of the death, where the insurer repudiates any liability.

**3. SAME—RIGHT OF ACTION.**

Where service of proofs of death are excused by an accident company's immediate repudiation of any liability under the policy, a proviso in the policy that no legal proceedings shall be brought within three months after the receipt of the proofs, nor after six months, cannot be deemed a limitation of the time to bring an action.

Action by Charles H. Cole against the Preferred Accident Insurance Company of New York on an accident policy on which only the first premium had accrued. Judgment for plaintiff.

At the close of the evidence for both sides counsel for defendant claimed there was no question of fact and moved for a direction of a verdict for defendant.

Plaintiff's counsel claimed there were three questions of fact for the jury, and the court submitted the same to the jury, and received a special verdict in favor of the plaintiff thereon, finding (1) that notice of the death by accident was given as required by the policy, (2) that the defendant in answer thereto replied that the policy was void, and that there was no liability thereunder, for the reason that the premium had not been paid, and (3) that the beneficiary believed the said statement and was induced thereby to neglect to furnish the defendant with formal proofs of death within three months after the accident as required by the policy.

All other questions were left to the court, and both sides moved for judgment on the special verdict.

I. R. Oeland, for plaintiff.
W. G. Wilson, for defendant.

GAYNOR, J. At the close of the evidence the defendant claimed that there was no question of fact for the jury and moved for a direction of a verdict in its favor. The plaintiff claimed that there were three questions of fact. A special verdict was taken thereon, and the finding was in his favor. This left all other questions of fact, if there be any, to the court, as well as the questions of law; and both sides moved for judgment on the special verdict. There are three questions to be passed upon.

1. The plaintiff introduced no direct evidence to show payment of the first premium (the only one which had accrued, the policy being dated August 10, 1892, and the death happening on September 29th next following). But the fact that the deceased had possession of the policy at the time of his death made out a presumption of payment of the premium; and this presumption was not as matter of law overcome by the evidence for the defendant. Both sides left the question of payment of the premium to the court instead of submitting it to the jury.

2. The policy contains a requirement that formal proofs of death from accidental causes should be furnished to the company within two months after the date of death, as a condition precedent to a right of action to recover upon the policy. Such proofs were not furnished; but the claim of the defendant, made immediately on receipt of notice of the death by accident (given as required by the policy), that it was

not liable on the policy at all, was a waiver thereof.  Joyce on Ins. §§ 3257, 3373.

3. The policy also contained the following provision, based on the said formal proofs of death:

"No legal proceedings for a recovery hereunder shall be brought within three months after the receipt of such proofs at the office of said association, nor at all unless begun within six months from the date when said association shall have received such proof."

This three months' postponement of the right to sue, and six months' limitation thereof, is predicated on the receipt of such proofs. But in this case they were not furnished to the defendant, having been waived by it.  Such limitation was therefore never set running, any more than such postponement was brought into operation.  It has to be construed strictly.  May on Ins. (4th Ed.) §§ 449, 491; Griffey v. New York Cent. Ins. Co., 100 N. Y. 417, 3 N. E. 309, 53 Am. Rep. 202; State Ins. Co. v. Maackens, 38 N. J. Law, 564.  There is no provision in the contract that if such proofs be waived and not furnished, the limitation shall start from the date of death, or of such waiver, and it cannot be imported into it.  Boynton v. Middlesex Fire Ins. Co., 4 Metc. (Mass.) 212; Landis v. Home Mut. Fire Ins. Co., 56 Mo. 591; Bartlett v. Union Mut. Fire Ins. Co., 46 Me. 500; Williams v. Ins. Co., 29 Me. 465; May on Ins. § 491.  Our Court of Appeals has said in respect of a similar limitation, without having to decide the question, viz.:

"It is at least doubtful whether in strictness the limitation applies except in case an award is made fixing the amount of the claim."  Hay v. Star Fire Ins. Co., 77 N. Y. 242, 33 Am. Rep. 607.

Moreover, the policy is at best open to two constructions in the respect in question; and this requires, under a settled rule of construction applicable to insurance contracts, that the construction which favors the insured shall be adopted.  Gough v. Davis, 24 Misc. Rep. 247, 52 N. Y. Supp. 947; Darrow v. Family Fund Society, 116 N. Y. 537, 22 N. E. 1093, 6 L. R. A. 495, 15 Am. St. Rep. 430; May on Ins. § 175.

Judgment for the plaintiff for $5,000, with interest from September 30, 1892.