# WILLIAM DECHTER v. NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY.[1]

July 9, 1915.

Nos. 19,375—(250).

**Pleading — complaint — variance.**

1. The complaint in an action on a beneficiary certificate of a fraternal order alleged an absolute obligation to pay a certain sum on the death of the member. The certificate in fact contained some conditions. It is clear that defendant was not misled. Under G. S. 1913, § 7789, providing that the court shall disregard all defects in pleadings which do not affect the substantial rights of the adverse party, the variance was not fatal.

**Action on benefit certificate — evidence.**

2. The beneficiary certificate of a fraternal order may be received in evi-

1 Reported in 153 N. W. 742.

dence without offer of the application, the medical examination, or the laws of the order, though these documents form part of the contract between the member and the order.

**Expulsion from defendant.**

3. The evidence does not show that plaintiff acquiesced in a wrongful claim of expulsion.

**Short limitations of action — strict construction.**

4. Where the contract of the parties prescribes a limitation of time in which to bring action, which is 'shorter than the statutory period, such provision, if reasonable, is valid. Such provisions are, however, in derogation of law and are not especially favored, and should be construed strictly against the party invoking them. If the limitation applies only under certain conditions, such conditions must exist or it will not bar an action.

**Action on benefit certificate — conditions precedent.**

5. A beneficiary certificate provided that no action upon it should be brought until proofs of death and of claimant's claim have been filed and passed upon by the executive committee of the order, nor unless brought within one year from the date of such action by the committee. Where the wrongful act of defendant dispenses with such proofs and there is accordingly no action by the committee, the contract provision has no application. Denial of liability in a pleading in a former action did not operate to set the contract limitation in motion.

Action in the district court for Ramsey county to recover $1,000 upon defendant's benefit certificate upon the life of Louis Dechter. The case was tried before Olin B. Lewis, J., who denied defendant's motions to dismiss the action. From an order denying its motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*William G. White,* for appellant.

*A. J. Hertz* and *James E. Markham,* for respondent.

HALLAM, J.

Defendant is a fraternal beneficiary order. This action is brought on a beneficiary certificate issued by defendant to Louis Dechter. It is admitted that Dechter was a member of the order; that he received the usual beneficiary certificate; that plaintiff is the beneficiary named in the certificate, and that Louis Dechter is now deceased. Defendant seeks to defeat plaintiff's right to recover by raising questions of practice. Several meritorious defenses were

pleaded, but no proof was offered to sustain any of them. No defenses to the merits are suggested, save such as it is claimed are made out by plaintiff's own testimony.

1. Defendant contends there is a variance between the complaint and the proof. The complaint alleges that by the terms of the beneficiary certificate defendant agreed to pay $1,000 on the death of deceased. In other words, it alleges an absolute obligation. The certificate offered in evidence contained some conditions. It contained the condition general in such certificates that no obligation rests on the defendant, unless the member is in good standing at the time of his death, and it provides for certain deductions from the face of the certificate in certain events.

The answer admitted the issuance of a beneficiary certificate to deceased. It denied that defendant "entered into the purported contract of insurance attempted to be set forth in the complaint," but it did not allege that the certificate contained terms different from those alleged by plaintiff. It only alleged that the beneficiary certificate was not the whole contract, that the application for membership, the medical examination and the constitution and laws of the order were also part of the contract. The complaint was sufficient to admit proof of the certificate. The purpose of a complaint is to advise the defendant of the nature of the cause of action sued on. There is no pretense that defendant was misled in this case. The proof was somewhat less favorable to plaintiff than was his pleading, but it cannot be said that the complaint did not sufficiently advise the defendant that the certificate offered in evidence was the certificate on which the action was based.

G. S. 1913, § 7789, provides that "in every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof."

The variance in this case did not affect the substantial rights of defendant. If authority is necessary, reference may be made to Heffernan v. Supreme Council Amer. Legion of Honor, 40 Mo.

App. 605, where the same question was raised and the variance was held immaterial.

Kulberg v. Supreme Ruling of Fraternal Mystic Circle, 126 Minn. 494, 148 N. W. 229, relied on by defendant, does not hold otherwise. The complaint in that case alleged the issuance of a beneficiary certificate containing an absolute obligation. The answer admitted 'the issuance of a beneficiary certificate but alleged that the contract was a conditional one, and it set out the conditions. It also "contained a general denial" of everything not admitted. The trial court held that the answer admitted plaintiff's cause of action as pleaded, and refused to receive the certificate in evidence to prove the version of the contract which defendant alleged. The refusal of this offer was the error which caused the reversal. The court held that there was no conclusive admission of the contract as plaintiff alleged it to be. That was the issue presented. The complaint in that case was much the same as in this and the form of the certificate was much the same, but it was nowhere held that the certificate would not have been admitted in evidence under the complaint. The rules of construction involved in the two cases are not the same. In that case there was a motion by plaintiff for judgment on the pleadings. On such a motion every reasonable intendment is indulged in favor of the sufficiency of the answer to raise an issue. Malone v. Minnesota Stone Co. 36 Minn. 325, 31 N. W. 170; McAllister v. Welker, 39 Minn. 535, 41 N. W. 107. In this case the question is as to the sufficiency of the complaint to admit proof of the uncontroverted facts, and equal liberality is indulged to sustain the sufficiency of the complaint to admit the proof. Hoag v. Mendenhall, 19 Minn. 289, 291 (335); Johnson v. Robinson, 20 Minn. 169 (189); Redner v. New York Fire Ins. Co. 92 Minn. 306, 99 N. W. 886. Both rules are calculated to secure a determination of a lawsuit on the merits.

2. The statutes of this state provide that "the certificate, the constitution and laws of the association, and the application for membership and medical examination signed by the applicant, shall constitute the contract between the association and the member." G. S. 1913, § 3544. Plaintiff offered in evidence only the certificate.

Defendant contends that, since the application, the medical examination, and the laws of the order are part of the contract between the member and the order, the beneficiary certificate cannot be received in evidence unless these documents are offered with it. The question is not a new one. Bacon, in his work on Benefit Societies and Life Insurance, sustains defendant's contention. Section 463. Singularly enough all of the cases, save one that the author cites, repudiate the doctrine of the text. See Continental Life Ins. Co. v. Rogers, 119 Ill. 474, 485, 10 N. E. 242, 59 Am. Rep. 810; Continental Life Ins. Co. v. Kessler, 84 Ind. 310; Cushman v. United States Life Ins. Co. 4 Hun (N. Y.) 783; Megrue v. United States Life Ins. Co. 71 Hun (N. Y.) 174, 24 N. Y. Supp. 618; Roach v. Kentucky Mut. Sec. Fund Co. 28 S. C. 431, 6 S. E. 286; Sladden v. New York Life Ins. Co. 86 Fed. 102, 29 C. C. A. 596. The question has not been squarely raised in this state, though there are decisions holding generally that the beneficiary certificate is evidence that deceased was received into general membership, and, with the aid of the presumption of continuance, is evidence that deceased was in good standing at the time of his death. Cornfield v. Order Brith Abraham, 64 Minn. 261, 66 N. W. 970; Monahan v. Supreme Lodge Order of Columbian Knights, 88 Minn. 224, 92 N. W. 972. The rule urged by defendant's counsel does not appeal to us. The certificate contained the obligation of the defendant. In fact it contained all the substantive terms of the contract. The application and medical examination contain representations and warranties, and the constitution and laws may contain material conditions. But usually no useful purpose would be served by arbitrarily requiring that plaintiff make proof of these documents as part of his *prima facie* case. If the representations are true and the warranties and conditions are fulfilled they become unimportant. If any representation is false the burden is on the defendant to prove the falsity, and if any warranty or condition is not fulfilled the burden is on the defendant to prove the nonfulfilment. This is well settled. Scheufler v. Grand Lodge, A. O. U. W. 45 Minn. 256, 47 N. W. 799; Chambers v. Northwestern Mut. Life Ins. Co. 64 Minn. 495, 67 N. W. 367; Piedmont & A. Life Ins.

Co. v. Ewing, 92 U. S. 377, 23 L. ed. 610.   Orderly procedure would seem also to require that the defendant should prove the representations and the conditions and warranties themselves on the falsity or nonfulfilment of which he relies.   Circumstances may alter this rule.   Some discretion rests with the trial court, but the general rule is as we have stated.   3 Wigmore, Evidence, § 2104; Barber v. International Co. of Mexico, 73 Conn. 587, 601, 48 Atl. 758.

3. Prior to the death of Louis Dechter defendant notified him that he had been expelled from membership in the order and his beneficiary certificate cancelled.   There is no evidence of any expulsion, nor of any ground for expulsion.   Upon the evidence it must be held that the notice was a wrongful repudiation of Dechter's membership and of his contract of insurance.   Defendant contends that the subsequent conduct of Dechter was an acquiescence in his expulsion.   But there is no evidence of what his subsequent conduct was. Defendant offered no proof to sustain this defense.   It is admitted in the pleadings that he paid no further assessments, but this alone does not constitute acquiescence.   He was not required to go through the useless formality of attempting to pay or tender money which defendant had made clear would not be received.   The defense of acquiescence is not sustained.   Ibs v. Hartford Life Ins. Co. 121 Minn. 310, 141 N. W. 289, Ann. Cas. 1914C, 798; Kulberg v. National Council of Knights and L. of Security, 124 Minn. 437, 145 N. W. 120; Marcus v. National Council of Knights and L. of Security, 127 Minn. 196, 149 N. W. 197.

4. The beneficiary certificate contains the provision that

"No action can or shall be maintained on this certificate until after the proofs of death and claimant's rights to benefits as provided for in the laws of the order, have been filed with the national secretary and passed upon by the national executive committee, nor unless brought within one year from the date of such action by said committee."

Louis Dechter died June 23, 1910.   No proofs of death or of plaintiff's right to benefits were filed with the national secretary and the national executive committee has never acted upon the case.

On February 20, 1911, plaintiff commenced an action on this claim. Defendant interposed an answer denying liability. The action was soon thereafter dismissed. This action was commenced May 4, 1914. The conduct of defendant in repudiating the membership of Dechter and purporting to cancel his certificate waived the necessity of plaintiff making proof of death or giving notice of his claim. Marcus v. National Council of Knights and L. of Security, 127 Minn. 196, 149 N. W. 197. The national executive committee having no proofs of death and no presented claim to pass upon, did not act in the matter at all.

Defendant contends that nevertheless the one year period of limitation applies, and that it commenced to run from death or at least from the denial of liability by the defendant in its answer in the former suit. Provisions in contracts limiting the time in which to bring actions on the contract to a period less than the statutory period, if reasonable, are sustained. Stewart v. National Council of Knights and L. of Security, 125 Minn. 512, 147 N. W. 651. But they are in derogation of law and they are not especially favored and should be construed with strictness against the party invoking them. "If the limitation applies only under certain conditions, such conditions must exist or it will not bar an action." 4 Cooley, Briefs on Ins. 3971. The action of the national executive committee in passing on the claim was the event which set the contract limitation in motion. In this case the company by its own wrongful act dispensed with the necessity of plaintiff giving notice of claim and proof of loss. There being no notice of claim or proofs of loss to act upon, the national executive committee had nothing to act upon and did not pass upon the claim. The event which was to mark its commencement never having accrued, the contract limitation never commenced to run.

Defendant contends that the repudiation of the contract before the death of deceased gave a right of action immediately upon death and that consequently the limitation period commenced to run from death. Doubtless the conduct of defendant did give an immediate right of action on the death of deceased. But it does not follow that, because defendant repudiated its contract, death and not the

action of the executive committee was the event which set the contract limitation in motion. Such a construction would mean that a short period prescribed by contract may be still further shortened by the wrongful act of defendant. To this doctrine we cannot subscribe.

Nor can we see that the denial of liability in the answer in the former action started the contract limitation in motion. The reason is simply that this was not the event that the contract stipulated should start the contract limitation in motion. The occurrence of the event provided in the contract having failed as a result of wrongful conduct of defendant, the provision of the contract has no application, and the statutory limitation applies. This is in accordance with the rule generally followed in fire insurance cases. In such cases it has been held that a limitation of a certain period after the company has acted upon the claim has no application where the company disclaims all liability. Boynton v. Middlesex Mut. Fire Ins. Co. 4 Metc. (Mass.) 212; Williams v. Fire Ins. Co. 29 Me. 465; Bartlett v. Union Mut. Fire Ins. Co. 46 Me. 500; Landis v. Home Mutual F. & M. Ins. Co. 56 Mo. 591.

Order affirmed.