[L. A. No. 6438. Department Two.—January 27, 1921.]

OLOF NELSON, Plaintiff and Respondent, v. HARRY D. TROUNCE et al., Defendants and Respondents; CHICAGO BONDING & SURETY CO. (a Corporation), Defendant and Appellant.

[1] PUBLIC WORK—BOND FOR PERFORMANCE OF SCHOOL CONTRACT—APPLICABILITY TO BOARD OF EDUCATION OF SAN DIEGO.—The act of the legislature requiring boards of education to exact a fifty per cent bond from contractors for the erection of school buildings for the benefit of materialmen and laborers (Stats. 1897, p. 201; Stats. 1911, p. 1422) is applicable to school contracts executed by the board of education of the city of San Diego, notwithstanding the amendment of 1905 of the charter providing that the duties and powers of the board of education shall be such as are now or may hereafter be enjoined and conferred on boards of education in city and school districts by the laws of the state, and the provisions of section 1617 et seq. of the Political Code defining the powers and duties of boards of education and which do not require a bond.

[2] ID.—TIME FOR FILING CLAIMS—INAPPLICABILITY OF CODE PROVISIONS.—Section 1187 of the Code of Civil Procedure, requiring mechanics' liens to be filed within ninety days after the expiration of the thirty-day period following cessation from labor upon any contract or any building, is not applicable to the filing of claims of materialmen and laborers under the act of 1897, as amended in 1911, requiring that such claims be filed within ninety days after the completion of the contract, since such act is not contained in the code chapter relating to mechanics' liens, and therefore the words "completion of the contract" should receive their ordinary acceptation.

[3] ID.—FINDING—WHEN UNNECESSARY.—A finding that a claim of lien was filed within the time provided by law is not necessary where the filing of the claim is expressly admitted in the answer.

[4] ID.—ABANDONMENT OF CONTRACT—COMPLETION BY BOARD OF EDUCATION—PAYMENT OF CLAIMANTS EMPLOYED BY CONTRACTORS.—Where, upon the abandonment of a school building contract, the board of education completed the building and in doing so exhausted the entire balance of the contract price not paid to the contractors, and, with the assent of the surety on the contractors' bond, paid the subcontractors and materialmen directly, there was nothing due the contractors not paid, and the board was not required to apply the difference between the contract value of the building at the time of its abandonment and the amount theretofore paid the contractors

to the claims of materialmen and laborers employed by the contractors.

[5] ID.—ACTION ON BOND—CONSOLIDATION OF ACTIONS—EVIDENCE—DEFAULT JUDGMENT AGAINST SURETY—LACK OF PREJUDICE.—Where several actions by laborers and materialmen to recover on a contractor's bond were ordered consolidated and all claimants named therein required to litigate their claims, the introduction in evidence by a materialman thus required to litigate its claim of a default judgment obtained against the surety in another jurisdiction was without prejudice, where the surety was liable and the amount of the claim undisputed.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Affirmed.

The facts are stated in the opinion of the court.

Miller, Thornton, Miller & Watt for Appellant.

R. L. Horton, Ray M. Harris, Ward, Ward & Ward, J. Weinberger, Hoff & Chatterson, Clifford C. Pease, Wright, Winnek & McKee, Sweet, Stearns & Forward and Swanwick & Donnelly for Respondents.

WILBUR, J.—This action was begun by the plaintiff to recover upon a bond given by the defendant, Chicago Bonding & Surety Company, for the payment of laborers and materialmen upon a contract for the building of Garfield school, executed by the board of education of the San Diego school district as owner with the defendants Harry D. Trounce and William Stoecker, copartners. The defendant Bonding Company having been sued in a number of actions by materialmen and laborers, asked that all these actions be consolidated and that the parties be required to file their claims by way of cross-complaint in this action. The court made such an order and the various parties filed their cross-complaints, whereon judgments aggregating $12,293 were rendered, from which the Bonding Company appeals.

The contract price for the erection of the school building was $38,440. The bond in accordance with the statute was for half that amount, or $19,220. The bond is in the usual form, recites the giving of the contract and the amount thereof, and in the condition thereof is the following: "Now, therefore, if the said principals fail to pay for any materials

or supplies furnished for the performance of the work contracted to be done, or for any work or labor done thereon of any kind, we, the said surety, will pay the same in an amount not exceeding the sum specified in this bond, to wit: the sum of nineteen thousand two hundred and twenty dollars ($19,220.00), which said sum is one-half of the contract price of said work, provided that all such claims shall be filed as required by section 2 of an act of legislature approved March 27th, 1897, entitled 'An act to secure the payment of the claims of materialmen, mechanics, or laborers employed by contractors upon state, municipal, or other public work,' in pursuance of which enactment, as amended by an act approved May 1st, 1911, the foregoing bond is given." The contractors abandoned the work on the 15th of March, 1915. Work ceased upon the building for more than thirty days, and thereafter the board of education completed the work, the building being fully completed October 18, 1915. At the time the contractors abandoned the work they had been paid seventy-five per cent of the value of the work and labor done and the building was forty-eight per cent completed. The difference between the value of the building estimated according to contract rate and the amount paid to the contractors at the time of its abandonment was $4,612.80.

The appellant raises three points on the appeal. First, that the bond is void for the reason that the law requiring the execution of this bond (Stats. 1897, p. 201; amended 1911, p. 1422) did not, it is claimed, apply to contracts executed by the board of education of the San Diego school district; second, that the claims of the various parties were not filed within time, for the reason that the contract was completed within the meaning of the bonding statute thirty days after March 15, 1915, and that all the claims which were filed on the theory that the completion of the building was the time when the ninety days for filing claims began were therefore too late; third, that the amount of the value of the building at the time of its abandonment over and above the amount paid the contractor ($4,612.80) should be applied to the claims.

[1] Was the bond void?

In 1905 the charter of the city of San Diego was amended with reference to the duties and powers of the board of edu-

cation as follows: "The duties and powers of the board of education shall be such as are now, or may hereafter be enjoined and conferred on boards of education in city and school districts by the laws of the state of California." (Stats. 1905, p. 918, art. VII, sec. 3, Charter of San Diego.) Appellant's contention is, in effect, that the powers and duties of trustees of common school districts and of boards of education in city school districts are defined in the Political Code, section 1617 et seq., and that the charter by reference incorporates only these provisions of the Political Code therein; that these provisions thus incorporated in the charter do not require a bond, hence as the giving of such a bond is, it is contended, a municipal affair, the charter provision controls over the general laws under which the bond was given, and as no bond is required the bond is void. If this position as to the charter is correct, appellant's position finds some support in the case on which it relies, namely, *Loop Lumber Co.* v. *Van Loben Sels,* 173 Cal. 228, [159 Pac. 600]. It is a sufficient answer to this contention to point out that the charter does not refer to any particular code or code section defining the duties and powers of boards of education, but to the laws of the state of California. That law as contained in the Statutes of 1911, page 1422, requires boards of education to exact a fifty per cent bond from contractors for the benefit of materialmen and laborers, and hence by the foregoing provision of the San Diego charter was included therein.

[2] Were the respondents' claims filed in time?

The statute under which the bond was given requires that verified claims be filed with the board of education within ninety days after the "completion of the contract." Appellant points out that the statute does not say the completion of the building or structure. Section 1187 of the Code of Civil Procedure, with reference to mechanics' liens and the filing of claims and stop notices, expressly provides that "Cessation from labor for thirty days upon any contract or upon any building" shall be "deemed equivalent to a completion for all the purposes of this chapter." Appellant therefore claims that the school contract was completed April 14, 1915 (that is, thirty days after work ceased on March 15, 1915), and that the claims filed with the board of education were too late, being filed more than ninety days thereafter.

But section 1187 of the Code of Civil Procedure by its express terms is confined to the provisions of the code with relation to mechanics' liens contained in that chapter of the code. As the statute under which the bond here involved was given is not contained in that chapter, the words "completion of the contract" should therefore receive their ordinary acceptation. This contract was completed when the building was finished in accordance with its terms on October 18, 1915. Consequently, all the claims of the respondents were filed within time.

[3] The appellant in his opening brief calls attention to the fact that there is no finding that cross-complainant T. B. Penick filed a verified claim within the time provided by law. But it appears that in the answer of cross-defendant, the appellant, the filing of this claim was expressly admitted, and therefore no finding of fact was necessary.

[4] Appellant's third contention is that the sum of $4,612.80, which represents the difference between the contract value of the building at the time of its abandonment by the contractors and the amount theretofore paid the contractor under its terms, should have been applied by the board of education to the claims of the respondents. The board of education completed the contract and in so doing exhausted the entire balance of the contract price. There was, therefore, nothing due to the contractor at any time that has not been paid. The course adopted by the board of education in the completion of the contract, namely, the agreement on behalf of the board of education to pay the subcontractors and materialmen directly, was assented to by the appellant. There is nothing in the point made by the appellant.

[5] In addition to the foregoing contentions, which apply to all the claims, appellant specially complains of the judgment in favor of Pacific Sewer Pipe Company. It appears that at the time this action was commenced by Olof Nelson the Pacific Sewer Pipe Company had brought an action in the superior court in Los Angeles County upon the bond. The order of consolidation in this case secured by the appellant directed that all the persons named by the appellant in its cross-complaint as defendants, including the Pacific Sewer Pipe Company, be required to litigate their claims in this suit and that such claims and actions be con-

solidated and joined. In accordance therewith, the respondent, Pacific Sewer Pipe Company, filed its answer and cross-complaint in this action October 19, 1916, setting up the same cause of action then pending in Los Angeles County. On January 31, 1917, a default judgment was taken in the action in the superior court of Los Angeles County and that judgment was subsequently offered in evidence in this case in support of the allegations of its supplemental cross-complaint, filed by leave of court January 8, 1918, showing the recovery thereof. The appellant was not prejudiced by this irregular procedure, for, as we have seen, the appellant was liable on its bond for the claim, and there is no dispute as to the amount.

Since the foregoing was written the appellant has filed an application for the dismissal of the appeal as to the respondents T. B. Penick, W. J. Bailey & Company, Pacific Coast Steel Company, Taylor-Rossman Hardware & Supply Company, Pacific Sewer Pipe Company, Hammond Lumber Company, Julius Brombacher, L. A. Wright, and Los Angeles Denison Block Company.

The appeal is dismissed as to the above-named respondents upon motion of the appellant, and as to the other respondents the judgment is affirmed.

Lennon, J., and Angellotti, C. J., concurred.