## COMMERCIAL STANDARD INS. CO. v. LEWALLEN.

### No. 936.

Court of Civil Appeals of Texas. Eastland.

Jan. 29, 1932.

Cox, Hayden & Caffey, of Abilene, for appellant.

York & Camp, of Abilene, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee on a policy of fire insurance covering an automobile. Only one question of law is presented for our decision. It is a question of limitation. The policy had the usual provision with reference to the furnishing of proof of loss, requiring the insured to furnish same within ninety-one days from date of loss. It also contained the provision that the loss should not become payable until sixty days after proof of loss was received by the company. Within due time appellee furnished appellant the required proof of loss. By the terms of the policy the statutory period of limitation was reduced to two years and one day "after a cause of action for the loss accrues." Simultaneously with, or immediately after, the furnishing of the proof of loss, appellant denied liability, on the ground that appellee had willfully destroyed the subject of the insurance. This suit was not instituted within two years and one day after appellant denied liability, but was instituted within two years and one day after the expiration of sixty days after proof of loss was furnished. If limitation began to run the day appellant denied liability, and if the period was the contractual period of two years and one day, then the plea of limitation was good and should have been sustained. If, on the other hand, limitation did not begin to run until sixty days after the furnishing of the proof of loss, as held by the trial court, then the action was brought in time and the plea of limitation was not good.

Our statutes, article 5545, Rev. St. 1925, confer upon parties the right to limit by contract the time within which suit may be brought thereon, provided such period be not shorter than two years, and the stipulation in the policy limiting the time to two years and one day is valid and enforceable. The only question for our decision is: When did the period begin to run? The contention of appellant is that appellee's cause of action accrued on the day liability was denied, and that therefore limitation began to run on that day. The contention sounds plausible, but we have concluded that it is not sound. The terms of the policy itself fix the date when the cause of action should accrue at sixty days after the company received proof of loss, and clearly, if the language of the contract is to be followed in its entirety, limitation did not begin to run until the expiration of that sixty-day period. The period of limitation sought to be shortened by appellant is the contractual and not the statutory period. Appellant would construe the contract just as if it provided that the cause of action accrued upon denial of liability. We do not think it should be thus construed. The provision shortening the statutory period of limitation was written by the appellant for its benefit. Such provisions are strictly construed against the insurer. Within the sixty-day period following the furnishing of the proof of loss appellee had no right, on the face of his contract, to maintain a suit thereon, and a plea in abatement to such suit would have been good, unless appellee had alleged and proved a waiver of, or estoppel to rely upon, the terms of the contract. The insurance company is in no position to insist that the insured should not have relied upon the terms of the contract, but should have set up a waiver or estoppel against it on account of its own wrong.

The case seems to us to be comparable to cases founded upon a series of notes contain-

ing an optional maturity clause. The holder of such notes has the right to maintain suit upon all of them upon default of payment of the one first maturing. It is well settled that, since it is optional with the holder whether or not he matures the entire series upon such default, limitation does not begin to run until he has actually exercised his option by the institution of suit. Harrington v. Claflin, 28 Tex. Civ. App. 100, 66 S. W. 898; City National Bank of Corpus Christi v. Pope (Tex. Civ. App.) 260 S. W. 903.

Where the right to institute suit at a date earlier than that specified in a contract is optional with the party in whose favor the right accrues, limitation does not begin to run against him until he has actually exercised that option.

The question presented was considered by the Supreme Court of Minnesota in the case of Dechter v. National Council of Knights & Ladies of Security, 130 Minn. 329, 153 N. W. 742, 744, Ann. Cas. 1917C, 142. In disposing of a contention similar to appellant's, this language is used:

"Defendant contends that the repudiation of the contract before the death of deceased gave a right of action immediately upon death and that consequently the limitation period commenced to run from death. Doubtless the conduct of defendant did give an immediate right of action on the death of deceased. But it does not follow that because defendant repudiated its contract, death and not the action of the executive committee was the event which set the contract limitation in motion. Such a construction would mean that a short period prescribed by contract may be still further shortened by the wrongful act of defendant. To this doctrine we cannot subscribe.

"Nor can we see that the denial of liability in the answer in the former action started the contract limitation in motion. The reason is simply that this was not the event that the contract stipulated should start the contract limitation in motion. The occurrence of the event provided in the contract having failed as a result of wrongful conduct of defendant, the provision of the contract has no application, and the statutory limitation applies."

The Supreme Court of Iowa considered a similar question in the case of Bradford v. Mutual Fire Ins. Co., 112 Iowa, 495, 84 N. W. 693, 694. We quote from that opinion as follows: "Plaintiff was not obliged to accept and rely on defendant's denial of liability as a waiver of proofs of loss. There might have been some difficulty, real or apprehended, in establishing the fact of such denial. He was entitled, if he saw fit, to go on and make such proofs. By the terms of the policy, if we accept those terms as governing, he had a right to bring his action at any time within six months after the loss became payable; and the loss was not payable, under the by-laws set out, until the expiration of 90 days after notice of the fire."

The case of Simmons et al. v. Western Indemnity Co. (Tex. Civ. App.) 210 S. W. 713, while not involving facts identical with those here under consideration, is nevertheless an authority upholding, in principle, appellee's contention.

We have concluded that the trial court properly overruled appellant's plea of limitation, and, since that is the only question presented for our decision, the judgment of that court will be affirmed.