CLAYTON BURGARDT, appellant, v. LINCOLN NATIONAL LIFE INSURANCE COMPANY, appellee.

No. 48190.

(Reported in 56 N.W.2d 15)

DECEMBER 16, 1952.

REHEARING DENIED FEBRUARY 13, 1953.

Schaetzle, Swift, Austin & Stewart, of Des Moines, for appellant.

Henry & Henry, of Des Moines, for appellee.

OLIVER, J.—The policy insured the life of Elder N. Burgardt for $1500. It had been issued by another insurance company

and assumed by defendant. July 23, 1942, a Mr. W. C. Harvey wrote defendant, stating the insured died July 12, 1942; the policy lapsed November 20, 1942 (sic), with a loan of $226.45 against it; the beneficiary, who was insured's wife, "wishes to know if the policy is still running on extended term insurance." The letter requested that defendant write Mrs. Burgardt or Mr. Harvey, "stating what value the policy has of July 12, 1942."

July 28, 1942, defendant wrote Mrs. Burgardt, at Britt, Iowa:

"We have been requested by Mr. W. C. Harvey of Britt, Iowa to write you concerning the status of the above mentioned policy.

"Premiums were not paid when due and the policy was transferred to extended insurance in accordance with its provisions. The value of the policy * * * was sufficient to continue insurance in force only to May 9, 1942, at which time it terminated. Since according to Mr. Harvey's letter Elder N. Burgardt died on July 12, it is necessary that we tell you that the policy is now of no value. It is unfortunate indeed that it terminated prior to the date of death."

During the period between July 24, 1943 and July 23, 1945, eighteen letters passed between plaintiff, apparently acting on behalf of the beneficiary, and defendant. Plaintiff's letters asserted the beneficiary's claim to the proceeds of the policy on the ground there was no lapse thereof. The letters from defendant stated the policy had lapsed and had no value at the time of insured's death.

In June 1948 Mrs. Burgardt assigned her interest in the policy to plaintiff. April 27, 1949, the attorneys who now represent plaintiff wrote defendant:

"The * * * policy has been turned over to this office for collection. You will find enclosed herewith certified copy of the certificate of death of the above named insured.

"Demand is hereby made for payment of the amount due the beneficiary * * *."

May 4, 1949, defendant, through its assistant general counsel, replied at length to the letter from plaintiff's attorneys, stat-

ing there was no obligation under the policy, the coverage having lapsed and terminated prior to the death of insured. The letter reviewed "the material facts" in the correspondence during the three-year period following the death of insured, and concluded, "In view of the facts, we do not believe that a valid claim can be presented under the subject policy."

October 30, 1951, this action to recover upon the policy was instituted. Division III of defendant's answer pleaded clause 10 of General Conditions of the policy, which states: " 'No action at law or in equity shall be brought to recover on this policy unless brought within five years after the cause of action accrues.' " (The statutory limitation period is ten years and is not involved in this case.) Division III of the answer asserted the cause of action on the policy, if any, "accrued not later than July 28, 1942, when the defendant denied all liability under said policy", that no action at law or in equity was brought "within five years after the cause of action thereon, if any, accrued", and "the present cause of action was commenced too late and is barred by the policy provision referred to above."

Plaintiff's reply pleaded, among other things, clause 5 of General Conditions of the policy, which provides:

"This policy is payable at the Home Office of the Company, Lincoln, Nebraska. Before any amount shall be paid hereunder as a death claim, due proof of the death of the insured must be furnished to the Company at its Home Office, and any indebtedness hereon to the Company, including the amount necessary to complete the premium for the current year, must be settled."

The reply states the policy does not limit the time for making proof of death and that such proof was not furnished until defendant received the letter of April 27, 1949, from plaintiff's attorneys enclosing the certificate of death; "that no cause of action accrued under the terms and conditions of said policy until said proofs of death had been filed, and this action at law has been commenced within five years from the time this cause of action accrued."

Thereafter defendant moved that the court separately hear and determine the point of law raised by Division III of defend-

ant's answer and plaintiff's reply thereto. This motion was sustained. At the hearing the parties stipulated certain matters not shown in the pleadings. The court held the action was barred by the five-year limitation provision and rendered judgment for defendant. Plaintiff has appealed.

The court concluded the cause of action on the policy accrued on or about July 28, 1942, when defendant wrote and Mrs. Burgardt received the letter denying liability on the policy, that the letter constituted a waiver of the proof of death referred to in the policy, that the nonfiling of proof of death by the beneficiary did not suspend the operation of the five-year limitation clause, because at all times it was within the power of the beneficiary to file such proof, and that the action was barred by the five-year contractual limitation. Plaintiff predicates error on these conclusions.

It is well settled that an insurer's denial of liability on grounds other than the failure to furnish proofs of loss is a waiver of the right to require such proofs. Wood v. Federal Life Ins. Co., 224 Iowa 179, 191, 277 N.W. 241; Parker v. Iowa Mutual Tornado Ins. Assn., 220 Iowa 262, 260 N.W. 844; Travelers Ins. Co. of Hartford v. Farmers Mut. Fire Ins. Assn., 211 Iowa 1051, 1061, 1062, 233 N.W. 153.

Although plaintiff suggests the letter of July 28, 1942, from defendant to Mrs. Burgardt was ambiguous, he does not seriously question its sufficiency as a waiver under the above rule. He contends the insurer may not take advantage of its own waiver to limit the time for action against it and that the beneficiary was not required to rely upon the denial of liability but had the right to elect to furnish the proof of death in compliance with the provisions of the policy. In that connection it may be noted plaintiff's petition stated "proofs of death have been submitted" and his reply alleged "proofs of death were not furnished to the defendant company until its receipt of a letter mailed it from Des Moines, Iowa, postage prepaid, on April 27, 1949." The narrow question here is whether the waiver by the insurer, which plaintiff elected not to accept, started the running of the five-year-contractual-limitation clause in the policy. We hold it did not. Decisions cited by defendant involving statutory limitations are not in point.

Bradford v. Mutual Fire Ins. Co., 112 Iowa 495, 499, 84 N.W. 693, 694, which involved a contractual limitation, passed upon this question. Holding the contractual period of limitation did not start until proofs of loss were made, the court stated: "Was the action commenced in time? It will be noticed that this suit was not begun until more than six months after the denial of liability by defendant. * * * Plaintiff was not obliged to accept and rely on defendant's denial of liability as a waiver of proofs of loss. * * * He was entitled, if he saw fit, to go on and make such proofs."

The Court of Civil Appeals of Texas in Commercial Standard Ins. Co. v. Lewallen, 46 S.W.2d 355, 356, a similar case, stated:

"The contention sounds plausible, but we have concluded that it is not sound. * * * The period of limitation sought to be shortened by appellant is the contractual and not the statutory period. * * * Such provisions are strictly construed against the insurer. * * * The insurance company is in no position to insist that the insured should not have relied upon the terms of the contract, but should have set up a waiver or estoppel against it on account of its own wrong.

"* * *

"Where the right to institute suit at a date earlier than that specified in a contract is optional with the party in whose favor the right accrues, limitation does not begin to run against him until he has actually exercised that option."

The decision quotes from the Bradford case.

Dechter v. National Council of Knights and Ladies of Security, 130 Minn. 329, 335, 336, 153 N.W. 742, 744, 745, Ann. Cas. 1917C 142, states:

"Defendant contends that nevertheless the one-year period of limitation applies, and that it commenced to run from death or at least from the denial of liability by the defendant in its answer in the former suit. Provisions in contracts limiting the time in which to bring actions on the contract to a period less than the statutory period, if reasonable, are sustained. * * * But

they are in derogation of law and they are not especially favored and should be construed with strictness against the party invoking them. 'If the limitation applies only under certain conditions, such conditions must exist or it will not bar an action.' 4 Cooley, Briefs on Ins. 3971. * * * The event which was to mark its commencement never having accrued, the contract limitation never commenced to run. * * * Nor can we see that the denial of liability in the answer in the former action started the contract limitation in motion. The reason is simply that this was not the event that the contract stipulated should start the contract limitation in motion."

Cole v. Preferred Acc. Ins. Co., 40 Misc. 260, 261, 81 N. Y. S. 901, 903, affirmed 92 App. Div. 612, 86 N. Y. S. 1132, involved a policy which provided " 'No legal proceedings for a recovery hereunder shall be brought within three months after the receipt of such proofs at the office of said association, nor at all unless begun within six months from the date when said association shall have received such proof.' " The proofs had been waived. The case holds that since the contractual limitation was predicated upon the receipt of proofs it was never set running.

Under the doctrine of the foregoing decisions the contractual period of limitation did not start until plaintiff furnished proof of death. Thereafter the action was commenced within the time provided by the contract. Hence, the action should not have been dismissed on that ground.—Reversed.

All JUSTICES concur.