[Civ. No. 16615.   First Dist., Div. Two.   Mar. 29, 1956.]

HOWARD B. LEWIS, Respondent, v. ALFRED J. HOPPER et al., Defendants; PEERLESS CASUALTY COMPANY (a Corporation), Appellant.

Robert H. Fouke, Robert A. Wertsch and John Alfred Davis for Appellant.

Dwyer & King for Respondent.

DOOLING, J.—Plaintiff, a subcontractor, recovered a judgment against defendant Peerless Casualty Company upon a labor and materialmen's bond for the balance due him upon his subcontract in the construction of a building for Pacific Telephone and Telegraph Company in Auburn, California. Appellant's bond contained the following provision:

"No suit or action on this bond to recover for labor performed or material furnished in respect to work herein referred to shall be sustained unless the same be commenced within the period provided by law after the claimant files his claim or lien, or if he files no such claim or lien, unless

the suit or action shall be commenced within six (6) months after completion of the work described in said contract.''

No lien claim was filed by respondent and the only question presented on appeal is whether he commenced his action ''within six (6) months after completion of the work described in said contract'' as required by the last clause of the provision of the bond above quoted.

The owner recorded notice of completion on November 3, 1952, over six months before the filing of this action, since the complaint herein was filed on June 12, 1953. The agreed statement of facts, however, recites that on January 5, 1953, the plaintiff installed four soap dispensers in the building ''called for in his sub-contract, and specified in the general contract . . . and the testimony was to the effect that the work took about four hours, and would be worth about One Hundred Dollars . . . The reason for the delay in installing the said soap dispensers was that the type of soap dispenser specified in the general contract and insisted upon by the owner was not theretofore obtainable. Neither party is chargeable with any fault insofar as this delay is concerned.''

The question presented is whether the installation of these four soap dispensers constituted the ''completion of the work described in said contract'' within the meaning of those words as used in the quoted provision of the bond. Actually, since the agreed statement of facts shows that installation of the soap dispensers was work specified in the contract, the work described in the contract was not completed until the soap dispensers were installed and hence the action was commenced ''within six (6) months after completion of the work described in said contract.''

Appellant cites and relies upon cases construing the meaning of ''completion'' in the mechanics lien law and holding that the building is completed when there is a substantial completion and that trivial imperfections in performance do not operate to extend the time for filing a lien. (*Hammond Lbr. Co.* v. *Barth Invest. Corp.*, 202 Cal. 606 [262 P. 31]; *Hammond Lbr. Co.* v. *Yeager*, 185 Cal. 355 [197 P. 111]; *Joost* v. *Sullivan*, 111 Cal. 286 [43 P. 896]; *Fontaine* v. *Storrie*, 7 Cal.App.2d 104 [45 P.2d 361]; *Grettenberg* v. *Collman*, 119 Cal.App. 7 [5 P.2d 944]; *Mott* v. *Wright*, 43 Cal. App. 21 [184 P. 517].) Respondent points out that these decisions had their origin in a former provisions of section 1187. Code of Civil Procedure, which read: ''Any trivial imperfection in the said work or in the completion of any contract

by any lien claimant or in the construction of any building, . . . shall not be deemed such a lack of completion as to prevent the filing of any lien . . .'' (*Harlan* v. *Stufflebeem,* 87 Cal. 508, 512 [25 P. 686].) This provision was removed from this section in 1929. (Stats. 1929, p. 1928.)

In *Fontaine* v. *Storrie, supra,* 7 Cal.App.2d 104, the court was dealing with a contract entered into in 1926 and, although the opinion was filed in 1935, the reference of the court to the provision concerning ''trivial imperfections'' in section 1187, Code of Civil Procedure, is obviously to that section before the 1929 amendment removed that language therefrom. We do not feel called upon in this case, however, to determine whether any change was made in the law of mechanics liens by the removal of the ''trivial imperfections'' provision from section 1187.

Given its natural construction the language of the bond ''completion of the work described in said contract'' includes the installation of the soap dispensers since that installation was ''work described in said contract.'' The Supreme Court pointed out in *Nelson* v. *Trounce,* 184 Cal. 732, 735-736 [195 P. 393], that the words ''completion of the contract'' should be given their ordinary meaning in cases not falling directly under the mechanics lien law.

By express provision of the code the bond which is the subject of this action ''will be construed most strongly against the surety and in favor of all persons for whose benefit such a bond is given.'' (Code Civ. Proc., § 1200.1, subd. (b), formerly § 1183.) Furthermore ''(c)ontractual stipulations which limit the right to sue to a period shorter than that granted by statute, are not looked upon with favor because they are in derogation of the statutory limitation. Hence, they should be construed with strictness against the party invoking them.'' (*Hauer Const. Co.* v. *City of New York,* 193 Misc. 747 [85 N.Y.S.2d 42, 44]; affd. 93 N.Y.S.2d 915; app. den. 94 N.Y.S.2d 823; *Dechter* v. *National Council of K. & L. of Security,* 130 Minn. 329 [153 N.W. 742, 744, Ann. Cas. 1917C 142]; *Burgardt* v. *Lincoln Nat. Life Ins. Co.,* 244 Iowa 456 [56 N.W.2d 15, 17-18]; *Commercial Standard Ins. Co.* v. *Lewallen,* (Tex.Civ.App.) 46 S.W.2d 355; *Simmons* v. *Western Indem. Co.,* (Tex.Civ.App.) 210 S.W. 713, 716.)

Any ambiguity in its bond must be construed against appellant and the language ''completion of the work described in said contract'' should be given its natural and normal

meaning, without regard to any special meaning that this language may have in construing our mechanics lien law. The bond itself shows that this limitation was one on actions not covered by the mechanics lien law, and another limitation was provided in the bond for cases where the lien law was invoked.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.