**Robert HERRING, Sr., Robert Herring, Jr., and Charles Herring, Plaintiffs–Appellants,**

**v.**

**TERADYNE, INC., Stuart Osattin, and Richard Schneider, Defendants–Appellees.**

No. 05–55183.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed July 13, 2007.

Edward J. Mcintyre, Esq., Solomon, Ward, Seidenwurm & Smith, San Diego, CA, for Plaintiffs–Appellants.

Jordan D. Hershman, Esq., Bingham McCutchen, LLP, Boston, MA, Gregory A. Vega, Seltzer Caplan McMahon Vitek, San Diego, CA, for Defendants–Appellees.

Before: T.G. NELSON, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

Robert Herring, Sr., Robert Herring, Jr., and Charles Herring ("Plaintiffs") filed suit in state court against Teradyne, Inc., and two of its officers, Stuart Osattin and Richard Schneider (collectively, "Teradyne"), alleging state law securities fraud, breach of contract, and negligent and fraudulent misrepresentation. After the case was removed to federal district court, the district court dismissed Plaintiffs' securities fraud claims pursuant to FED. R.CIV.P. 12(b)(6) and granted summary judgment in favor of Teradyne on the breach of contract claims.[1] Plaintiffs now appeal both district court rulings. We affirm in part and reverse in part.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Following these district court rulings, Plaintiffs voluntary dismissed their negligent and

Plaintiffs' claims arose out of a stock-for-stock merger in which Teradyne purchased two of Plaintiffs' companies in exchange for Teradyne stock. The securities fraud claims were premised on various alleged misrepresentations and omissions by Osattin and Schneider during the merger negotiations. The breach of contract claims alleged that this same conduct breached provisions in the merger agreements executed for both of Plaintiffs' companies.

■ The district court dismissed the securities fraud claims because it found the allegedly omitted facts were immaterial as a matter of law since Teradyne publicly disclosed this information. We agree with the district court's conclusion that the public disclosure in this case was sufficient to render any alleged omission immaterial as a matter of law *up to the time of the public disclosure.* The same information that Plaintiffs allege was omitted during face-to-face negotiations was broadly disclosed to the market via Teradyne's July 18, 2000 press release, a July 2000 *Wall Street Journal* article, and three analyst reports. Moreover, Teradyne's stock price dropped eleven points on July 18, 2000, the same day the press release was circulated. Therefore, we affirm the district court's dismissal of Plaintiffs' securities fraud claims for any representations made prior to July 18, 2000, but we reverse and remand for consideration of Plaintiffs' claims of alleged fraudulent conduct that occurred between July 19 and the close of sale on August 15, 2000, including whether any alleged misrepresentations occurring during this period are inactionable as mere puffery.

■ We also disagree with the district court's conclusion that the survival clauses contained in the merger agreements clearly and unambiguously reduced the statute of limitations from four years to one year. Parties may contractually reduce the statute of limitations, but any reduction is construed with strictness against the party seeking to enforce it. *See Lewis v. Hopper,* 140 Cal.App.2d 365, 367, 295 P.2d 93 (Cal.Ct.App.1956). Here, we find no clear and unequivocal language in the survival clauses that permits the conclusion that the parties have unambiguously expressed a desire to reduce the statute of limitations.

REVERSED and REMANDED.

---

fraudulent misrepresentation claims with prejudice.

