COMMERCIAL STANDARD INSURANCE COMPANY, a Corporation, Appellant, v. TAB CONSTRUCTION, INC., a Nevada Corporation, Respondent.

No. 8960

August 9, 1978                                           583 P.2d 449

*McNamee, McNamee & Rittenhouse,* Las Vegas; *Anderson, McPharlin & Conners, Luther L. Jensen,* and *Larry E. Robinson,* Los Angeles, California, for Appellant.

*Paul L. Larsen, Chartered,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The narrow issue presented is whether respondent is barred from bringing this surety bond action for its failure to commence suit to collect within "six months from the date of completion of improvements" as required by the terms of the bond.

The court below, in granting summary judgment in favor of respondent, ruled that the suit was timely and this appeal followed. We agree and affirm.

### THE FACTS

In February, 1973, appellant surety executed a "Subdivision Insurance Bond" on behalf of L. C. Smith, Co. (hereafter "Developer"). The bond was executed in favor of Clark County for the benefit of those supplying labor and materials for certain off-site improvements to be constructed pursuant to an agreement between Developer and Clark County. Developer was to construct certain streets, curbs, lighting fixtures, sewers, etc., at its own expense, as a condition of County approval of its subdivision map.

Respondent Tab Construction, Inc. agreed to furnish certain labor and materials in connection with these improvements, to be completed "according to Clark County specifications". The work was "substantially completed" by February 1, 1974.

On November 12, 1974, however, Clark County directed that additional work be performed by respondent to bring its portion of the improvements to county specifications. The work was completed and accepted by the Department of Public Works by November 15, 1974. The instant suit was commenced on January 29, 1975.

## THE ISSUES

NRS 278.380 is governing in the instant case.[1]

The statute stated that the appropriate governing body may, upon approval of a subdivision map, require that a subdivider improve or agree to improve streets or easements as a condition precedent to acceptance of any offers of dedication. In the event of an agreement to improve streets or easements, NRS 278.380(3) provided that "the governing body *may* require that the agreement be secured by a good and sufficient bond not in excess of the cost of improvement." (Emphasis added.)

It is clear from the "Off-Site Improvement Agreement" between Developer and Clark County that the improvements in question were to be constructed as a condition of county approval of Developer's subdivision map, as recommended by the County Planning Commission. As authorized by statute, the county elected to require a bond of the developer.

The bond required that suit be instituted "six (6) months from the date of completion of said improvements as 'completion' is defined under the applicable sections of the Civil Code of Nevada." If "completion" is accepted as the date on which respondent performed the last of the work called for in its contract with Developer, on or about November 15, 1974, its suit filed January 29, 1975, was within the period of the limitation.

---

[1] NRS 278.380 then read:

"NRS 278.380. Approval of final map by governing body: Acceptance of dedications; street improvement requirement; subdivider's bond.

"1. Upon receipt of the final map and report of the planning commission, the governing body shall . . . approve the map if the same conforms to all the requirements of NRS 278.010 to 278.630, inclusive, and of any local ordinance applicable at the time of approval of the tentative map, or any rulings made thereunder.

"2. The governing body shall at that time also accept or reject any or all offers of dedication and may, as a condition precedent to the acceptance of any streets or easements, require that the subdivider either improve or agree to improve the streets or easements.

"3. In the event an agreement for the improvement of the streets or easements is entered into, the governing body may require that the agreement be secured by a good and sufficient bond in an amount not in excess of the cost of the improvement."

1941 Nev. Stats. ch. 110, § 24, at 260; am. 1977 Nev. Stats. ch. 580, § 12, at 1500.

Appellant suggests, however, that "completion" should be defined as 30 days from the date work on the project ceased. Respondent has admitted that there was a gap in the work for over 30 days after April 15, 1974. According to the affidavit of the Chief Inspector of Public Works, no work was done by Developer or any subcontractors on the improvements covered by the bond during that period. Appellant suggests, therefore, that the work was "completed" by May 15, 1974, and that the period of limitation had run by November 15, 1974, two and one-half months before respondent filed suit.

Appellant predicates its entire argument upon its contention that the "applicable" section of the Civil Code referred to in the bond is focused on NRS 108.226, covering mechanics' and materialmen's liens. That statute provides in pertinent part:

> 3. Any one of the following acts or events is equivalent to "completion of the work of improvement" for all purposes of NRS 108.221 to 108.2395, inclusive:
>
> . . . .
>
> (c) The cessation from labor for 30 days upon any building, improvement or structure, or the alteration, addition to or repair thereof.[2]

We do not agree. In Nelson v. Trounce, 195 P. 393 (Cal. 1921), the California Supreme Court refused to apply a similar 30 day work cessation provision in that state's mechanics' lien law to the interpretation of the limitation of action provision in a bond issued pursuant to a public construction contract. The court held that since the mechanics' lien law was not directly applicable the contract would be completed only when the building in question was finished in accordance with the contract terms.

This rule was later applied in Lewis v. Hopper, 295 P.2d 93 (Cal.App. 1956). A subcontractor was held entitled to sue on a payment bond requiring suit within six months of "completion" when action was commenced eight months after the date of "completion" by the standards of the mechanics' lien law but within six months of completion of minor installations which were called for in the contract.

In the instant case, respondent was entitled to be paid only upon completion of the work "according to Clark County specifications." According to the Department of Public Works, the work was not completed as of November 12, 1974. Respondent was notified that his work met county specifications by a letter dated November 15, 1974.

---

[2]Appellant has also conceded, however, that "The action against Commercial Standard Insurance Company is based upon a written bond. It has nothing to do with a mechanics' lien foreclosure suit."

The date of completion in this instance as the date on which respondent brought its work to county specifications is consistent with the purpose to be accomplished by the bond. The contract between Developer and Clark County which called for the bond provided that if construction of the improvements were "not in accordance with applicable standards and specifications as prescribed by law," the county might at its option "proceed to complete said improvements at the expense of the Developer under his bond." The purpose of the bond was to cover work such as that ordered of respondent by the county on November 12, 1974, to bring its work to county standards and specifications.

We rule, therefore, that the six month period began to run at the time the improvements met county standards and specifications and not before, that is, November 15, 1974. Since respondent filed suit within six months of that event on January 29, 1975, this action is not barred by the time limitation specified in the surety bond. Consequently, we affirm the order granting summary judgment.